## NEIGHBORS v. SIMMONS.

At the foot of an account containing several items, charged in 1817, there was the following acknowledgment,—"I acknowledge the above account to be just.—*Tho. Neighbors.*" *Held*, that this acknowledgment was a written contract which, under the act of assembly, was not barred by the statute of limitations.

ERROR to the *Marion* Circuit Court.

HOLMAN, J.—Assumpsit by *Simmons* against *Neighbors.* The declaration states that the defendant, on the 14th of *April,* 1817, made his certain acknowledgment in writing, whereby he acknowledged that he was indebted to the plaintiff in the sum of 112 dollars and 62 cents, whereby he became liable, &c., and in consideration thereof promised to pay, &c. Plea non-assumpsit within five years. Demurrer and judgment for the plaintiff.

The contract, on which the action is founded, is an account of sundry items in favour of *Simmons* against *Neighbors,* amounting to 112 dollars and 62 cents; the first item of which bears date the 20th of *January,* 1817, and the last item the 14th of *April,* in the same year; at the foot of which there is this writing,—"I acknowledge the above account to be just.—*Thos. Neighbors.*" The act of assembly provides, that no statute of limitations shall be pleaded as a bar, or operate as such, to any action founded on an instrument or contract in writing, whether the same be sealed or unsealed (1). We are of opinion that the written acknowledgment of this account forms a contract in writing; and that the plea of the statute of limitations, in this case, was inadmissible.

With the refusal of the Circuit Court to continue the cause we have nothing to do: the affidavit to continue the cause is no part of the record.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs.

*Sweetser* and *Wick,* for the plaintiff.
*Fletcher,* for the defendant.

(1) R. C. 1824, p. 291. Acc. R. C. 1831, p. 401.