PRENATT *v.* RUNYON.

Where the items of an account are all on one side—there being none on the other side except credits of payment—the account is not mutual, open, and current, within the meaning of the statute of limitations.

To take a case out of the statute of limitations by a part payment, it must appear that the payment was made on account of the debt for which the action is brought; and the amount of that debt must be shown to be greater than the sum paid.

Order in writing as follows: "*Vernon, July* 14, 1850. Mr. *F. Prenatt*—Sir: I want you to send me two barrels of whisky, as soon as possible, and I will be down this week and pay you for the same," &c. "Yours, *Israel Runyon.*" *Held,* that the six years' limitation does not bar the order.

It is not necessary that such an order should mention the price of the articles ordered, and stipulate to pay for them. The contract amounts to an agreement to pay what the articles are reasonably worth; and where such an order is accepted and the goods sent, the person ordering them will be liable to pay for them, though he may not actually receive them.

If the complaint be upon a verbal contract, and the answer set up the statute of limitations, and the reply set up a written contract not within the statute, this, *it seems,* would be a departure; but if the parties go to trial upon such replication without objection, the defect is waived.

The reply, in this case, set up,   1. That the cause of action did accrue within six years, as it is brought upon a running, open, and unsettled account, some of the items of which are within the six years.   2. That a portion of the goods were sold upon written orders (similar to that above set out).

*Held,* That, waiving the objection of *departure,* the reply was good, in avoidance, so far as it went; that the plaintiff had a right to set up matter which would take a part of his cause of action out of the statute; that if a reply purport to avoid the answer entirely, while one branch of it avoids it in part only, the defect must be objected to in the Court below; that objection to the duplicity of the reply should also have been taken below—else it is waived, and the whole pleading will be deemed to be controverted.

APPEAL from the *Vigo* Court of Common Pleas.

WORDEN, J.—Action by the appellant against the appellee, on an account for goods sold and delivered.

The defendant answered—

1. By general denial.

2. That the cause of action did not accrue within six years next before the commencement of the suit.

3. Payment.

To the second paragraph of the answer the plaintiff replied as follows, viz.:

"That the cause of action did not accrue within six years before the commencement of this action, for that some of the items on either side, as set forth in the plaintiff's bill of particulars, are within six years before the commencement of this suit.   The plaintiff says that this action is brought to recover money due and payable upon a running, open, and unsettled account of merchandise between the parties as merchants.   That the following items of said account were sold and delivered by the plaintiff to the defendant, upon orders in writing executed by the defendant, viz.: [Here follow sundry dates of orders and amounts, making 106 dollars, 76 cents,] which said orders are filed in this cause with the plaintiff's answer to interrogatories, and referred to."

Issue was taken on the answer of payment, and a trial was had by the Court, resulting in a finding for the plaintiff for 201 dollars, the amount of his claim.   On motion of defendant, the finding was set aside and a new trial granted.   Plaintiff excepted.   The cause was again tried, by a jury, and a verdict returned for the plaintiff for 21 dollars, 92 cents.   Plaintiff moved for a new trial, but his motion was overruled and judgment entered on the verdict.

The ruling of the Court, in setting aside its finding and granting a new trial, is, among other things, assigned for error; but as this point is not noticed in appellants brief, it will be deemed waived.

The reasons filed by the plaintiff for a new trial are, that the verdict is contrary to the law and the evidence; and alleged error of the Court in giving and withholding instructions.

The plaintiff's account, sued on, consists of various items of merchandise, groceries, and liquors, commencing *May* 15, 1850, and ending *January* 4, 1851.   The suit was commenced *December* 22, 1856.   Two items of the account, only, accrued after the 22d of *December*, 1850. These items consist of four barrels of whisky, amounting, with drayage, to 41 dollars, 92 cents.   The entire account

amounts to 386 dollars, from which is deducted the amount of sundry credits given, leaving a balance of 201 dollars.

The plaintiff proved a good portion of his account, and his testimony had a strong tendency to prove the whole of it. No payments were proven subsequent to *December* 22, 1850. One witness, however, testifies that he has seen a receipt, dated in the latter part of *December*, 1850, and after the 22d, from the plaintiff to the defendant, for between 20 and 25 dollars (which has been lost or mislaid by the defendant). This, as the witness thinks, was not an account, but a receipted bill.

The plaintiff gave in evidence five several orders, the first one of which will serve as a sample of the whole, as follows, viz.:

" *Vernon, July* 14, 1850.

" Mr. *F. Prenatt*, Sir: I want you to send me two barrels of whisky as soon as possible, and I will be down this week and pay you for the same. By so doing you will much oblige, Yours,

[Signed]     *Israel Runyon.*"

The orders were all for whisky (amounting to eleven barrels), and some other articles, and all contained a promise to "be down and pay."

It is apparent that the jury excluded all of the account prior to *December* 22, 1850, as the verdict is for the amount subsequent to that time, less the lowest sum mentioned by the witness, as the amount of the receipted bill.

Error is assigned upon several rulings of the Court in giving and withholding instructions, but we have not examined them carefully (excepting such as will be noticed hereafter), for the reason that we think the verdict right, and in consonance with the law and the evidence, unless the plaintiff was entitled to recover for the goods sold upon the written orders.

The statute provides "that in an action brought to recover a balance due upon a mutual, open, and current account between the parties, the cause of action shall be deemed to have accrued from the date of the last item proved in the account on either side."

It is insisted that, as the last item proven was within the period limited, the statute only run from that date, and, therefore, none of the account was barred.

The items of the account were all on one side, there being none on the other except credits of payment. We think the terms "mutual, open, and current account," mean something more than charges on one side, and credits of payment on the other. In the language of an elementary writer, "mutual accounts are made up of matters of set-off. There must be a mutual credit, founded on a subsisting debt, on the one side, or an express or implied agreement for a set-off of mutual debts. * * * There must be a mutual, or as it has been expressed, an alternate course of dealing. Where payments on account are made by one party, for which credit is given by the other, it is an account without reciprocity, and only upon one side." Ang. on Limit., 3d ed., § 149. Again, at § 148, " The rule, that items within six years draw after them other items beyond that period, is, by all the cases strictly confined to mutual accounts, or accounts between two parties, which show a reciprocity of dealing. Or, in other words, if the items in the account are all on one side, as between a tradesman and his customer, and there be some items within th six years, but the others are beyond that period, the former will not entitle the plaintiff to give evidence of the latter." Vide, also, Brackenridge v. Baltzell, 1 Ind. R. 333.

There being no mutuality in the account between the parties, the statute cuts off so much as accrued more than six years before the commencement of the suit, unless otherwise taken out of its operation.

A question is raised by the instructions, and argued by counsel, as to the effect of part payment of the account within the six years. The evidence, we think, totally fails to show any such payment as would take the case out of the statute, and, therefore, it is needless to inquire whether the instructions were correct. The only evidence on that point is the testimony of the witness who saw a "receipted bill" in the possession of the defendant. This "receipted

bill" would probably be evidence that the goods specified in the receipt were paid for. But it would prove nothing as to the other and prior articles in the account.

The statute having provided that new promises, to take a case out of the statute, must be in writing, enacts that nothing in the preceding section shall take away or lessen the effect of any payment made by any person. 2 R. S. p. 78, §§ 220, 223.

Under similar statutory provisions (9 Geo. 4, ch. 14), it has been held in *England,* that a part payment of a debt would not take a case out of the statute, unless there was also a promise in writing to pay the remainder. Ang. on Limit., 3d ed., note to § 240. We do not, however, feel called. upon to decide in this case, whether such should be the construction of our own statute. But in the following propositions, laid down in *Lippets* v. *Heane,* 1 C. M. and R. 252 (*vide* note above cited), we fully concur, and think they are decisive of the question under consideration in the case at bar:

"In order to take a case out of the statute of limitations by a part payment, it must appear, in the first place, that the payment was made on account of the debt. Secondly it must appear that it was made on account of the debt for which the action is brought. But the case must go further; for it is necessary, in the third place, to show that the payment was made as part payment of a greater debt; because the principle upon which a part payment takes a case out of the statute is, that it admits a greater debt to be due at the time of the payment. Unless it amounts to an admission that more is due, it cannot operate as an admission of any still existing debt."

Tested by these principles, it is very evident that the testimony fell far short of proving such a payment as would take the case out of the statute.

At the proper time the plaintiff asked the following instruction, viz.:

"If the jury believe from the evidence, that any part of the account sued on was for personal property sold and delivered by the plaintiff to the defendant on orders in writing,

executed by the defendant, and said orders contain a pro-
mise to pay for such part of said account so sold and de-
livered, so much of the account sold on said orders, is not
barred by the statute of limitations."

This was refused as asked, but given with the addition
—"If sold and delivered within six years."

The defendant asked, and the Court gave, the follow-
ing, viz.:

"Under the issues in this case, the plaintiff cannot offer
evidence of a written contract for the sale of goods, which
would require a longer period than six years to bar the ac-
tion, and the written orders offered in evidence in this case,
can have no other effect than to show a verbal sale of the
goods ordered. In other words, the orders in this case are
not to be considered as a contract in writing for the pur-
chase and sale of goods."

Plaintiff excepted to these rulings.

Two questions are presented by these instructions, viz.:

1. Were the orders sufficient contracts in writing, not
barred by the statute; and,

2. Under the pleadings, could the plaintiff avail himself
of them as such?

We are of opinion that the orders mentioned are suffi-
cient contracts; and being in writing, the six-years limita-
tion does not apply to them. They all specify the articles
to be furnished, and stipulate to pay for the same. The
price, it is true, is not mentioned, nor is it necessary that
it should be, in order to make the contracts valid. The
contracts amount to agreements to pay what the articles
are reasonably worth. There can be no doubt, we think,
that had the goods been sent, as contemplated by the or-
ders, by the plaintiff to the defendant, he would have been
liable on the contracts, although he might never have actu-
ally received them. When the plaintiff accepted the or-
ders, and sent the goods in compliance therewith, the con-
tracts became obligatory upon the defendant, and he was
bound for the reasonable value of the goods so ordered and
sent. In *Neighbors* v. *Simmons*, 2 Blackf. 75, it was held
that a written acknowledgment at the foot of an account,

as follows: "I acknowledge the above account to be just," and signed by the defendant, was a contract in writing; and that the plea of the statute of limitations was inadmissible. It is not necessary, however, in determining that the contracts in the case at bar are valid contracts, that we should indorse fully the doctrine in *Neighbors* v. *Simmons*.

There, there was no agreement to pay the account whatever, except such, if any, as might be implied from an admission that the account was just. Perhaps it may be questioned whether, under our present statute, requiring new promises to be in writing in order to avoid the limitation, such an acknowledgment would be sufficient; but upon this point it is unnecessary for us to express an opinion. The orders in question are original contracts, explicit in their terms, and come within the principle established in *Spangler* v. *McDaniel*, 3 Ind. R. 275.

In Browne on the Statute of Frauds, § 293, it is said that, "it is not necessary that the contract should be particularly formal or explicit, so that there appear to be a bargain made; a common order given to the seller for the article required, is clearly equivalent to a contract for the purchase." *Vide, Allen* v. *Bennet*, 3 Taunt. 169.

The other question raised is not entirely free from difficulty.

The complaint simply counts upon an indebtedness arising upon the account, without noticing the orders. In this respect the case differs from *Neighbors* v. *Simmons*, and *Spangler* v. *McDaniel*, *supra*, where the original indebtedness, as well as the new written contract, were set up in the declaration.

It is contended by the appellee, that the replication does not sufficiently set up the orders, and rely upon them as an avoidance of the statute, and that if it did, it would be a fatal departure from the complaint, which counts upon a verbal contract merely, while the replication places the cause of action upon written contracts. It is the established doctrine in *England*, and some of the states of the *Union*, that where the plaintiff relies upon a new promise to take the case out of the statute, he may declare upon

the original debt, and reply the new promise. " When the
statute is pleaded, the plaintiff may, therefore, reply the
new promise, and when the pleadings assume this shape,
the original promise is apparently the cause of action; but
it is the new promise alone that gives it vitality, and that,
substantially, is the cause of action." Ang. on Limit.,
§ 288, and notes.

In *New York*, it is held, since the code, as well as before,
that a new promise may be given in evidence to take the
case out of the statute, on a count upon the original cause
of action, and a general replication that the cause did ac-
crue within six years, without alleging the new promise.
*Esselstyn* v. *Weeks*, 2 Kern. 635. The Court seem to have
somewhat reluctantly come to such conclusion; and they
throw out some observations tending to a different doctrine,
which are not unworthy of notice. They say, " The rule
was established in conformity with the earlier *English* de-
cisions, which made the statute of limitations presumptive
evidence of payment only, to be rebutted by any evidence
tending to disprove that fact, whether accompanied by a
promise or a refusal to pay. In their view of the law, the
facts necessary to avoid the bar of the statute were mere
evidence for that purpose, and the recovery must be had
upon the original promise as the only cause of action.
Modern decisions, particularly in this country, regard the
statute as imposing an absolute bar to the original demand,
and not merely as creating a presumption of payment.
And it would, undoubtedly, be more in conformity with
the spirit of these adjudications, to hold that the action
must be founded upon the new promise, the original debt
or assumpsit furnishing the consideration necessary to up-
hold it."

The case at bar, however, differs from the foregoing—
here, the plaintiff does not rely upon a new promise, to take
the case out of the statute, but an original promise in writ-
ing, never within the statute. Written contracts are not
properly within any of the exceptions of the statute, (and,
therefore, proper to be shown by way of replication,) as
they are not within the limiting clause in question. It

would be idle to talk of excepting something out of a statute, which is not embraced, or apparently embraced, in its terms.

The plaintiff declares upon a verbal contract within the statute of limitations, and upon the statute being pleaded, replies a written contract not within the statute. This would seem to be a departure, but we are not called upon to decide whether it is or not, as no objection was made by demurrer or otherwise to the replication. The parties went to trial on the replication, without objection, and thereby waived any defect therein on the score of departure. Chit. on Plead. 685.

It is insisted, however, that the replication does not purport to set up the orders by way of avoiding the plea of the statute, but that they are merely referred to in order to dispense with the necessity of proving their execution on the trial. In this view we do not concur. The replication is loosely and inartificially drawn, but it sets up two classes of facts in avoidance of the answer. First, that the cause of action did accrue within six years, as it is brought upon a running, open, and unsettled account, &c., some of the items of which, are within the six years; and second, that the goods were sold, to the amount of 106 dollars, 76 cents, upon the written orders in question. Waiving any objections on the score of departure, this latter part of the replication seems to be good in avoidance of the answer, so far as it goes. It only takes out of the statute the part of the cause mentioned in the orders; but the party had a right to reply matter that would take a part of his cause of action out of the statute. If it be objected that the replication is defective in purporting to set up matter avoiding the answer entirely, while this branch of it sets up matter avoiding it in part only, the objection may be answered by observing that it should have been made below. The replication, we think, is double, in setting up one set of facts in avoidance of the answer, as to all the cause of action, and also another in avoidance, as to a part of it; but duplicity must be objected to at the proper time or the objection is waived. A motion to strike out, or compel the

plaintiff to elect by which branch of his replication he
would abide, would have probably prevailed, as the proper remedy. Even then, the matter (not inconsistent with the
complaint), could have been replied in a separate paragraph.

If a party pass over the objection of duplicity in a pleading, and answer it, he is bound to answer the whole pleading. An answer to one branch of the double pleading is not sufficient, but each part must be answered. *Reno* v. *Hollowell*, 2 Blackf. 38. Under our code, the replication terminates the pleadings; but allegations of new matter therein are to be deemed controverted as upon direct denial or avoidance, as the case may require. 2 R. S. p. 44, § 74.

The cause having gone to trial upon the replication, the matter therein contained must be deemed to have been controverted; and the plaintiff had the right to introduce the orders in evidence in support thereof, and when thus introduced, we think full legal effect should have been given them, as written contracts not barred by the statute pleaded. It follows that the Court erred in its ruling upon the instructions.

It is assumed, however, that although the Court erred in this respect, the verdict is right on the evidence, there being nothing to connect the orders with the goods for which the suit was brought. But we are of opinion that the jury might very reasonably and properly have inferred, from the evidence before them, that the goods sued for were sold, in part, upon the orders in question.

For the reasons indicated, the judgment will have to be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*J. W. Gordon, H. W. Harrington* (1), and *W. K. Edwards*, for the appellant.

*T. H. Nelson*, for the appellee (2).

(1) Mr. *Harrington*, for the appellant, cited 10 Barn. and Cress. 122; 13 Wend. 267; 2 Blackf. 75; 10 Johns. 36; 6 Barn. and Cress. 603; 3 Mass. R.