## DELOS R. ASHLEY, ADMINISTRATOR OF THE ESTATE OF JOHN MORRISON, DECEASED, v. EDWARD VISCHER.

RECEIPT FOR MONEY.—A mere naked receipt in writing, acknowledging the delivery of money, is not a contract, and does not import a promise, obligation, or liability, and an action upon it is therefore barred by the Statute of Limitations in two years.

SAME—WHEN A CONTRACT.—A receipt or acknowledgment in writing for money, which also contains a clause stating that the money received is to be applied to the account of the person from whom received, partakes of the double nature of a receipt and contract, and shows upon its face a liability to account, and an action upon it is not barred by the Statute of Limitations until four years have expired.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

This action was commenced on the 23d day of February, 1859.

The other facts are stated in the opinion of the Court.

*Henry H. Haight,* for Plaintiff and Appellant.

" Received of John Morrison, Esq., the sum of two thousand seven hundred and fifty dollars.

" San Francisco, February 24th, 1855.

" ($2,750.)                                        EDWARD VISCHER."

Is this receipt an instrument in writing within the meaning of this section? It is granted that it is not a contract perfect in every term; but perfect contracts are not the only ones comprehended within the letter of the statute. Were it so, many of the most sacredly and formally executed documents would be excluded from the statute, because parol evidence is admitted in Courts daily for the purpose of explaining defective and ambiguous provisions.

What, then, is a sufficient instrument of writing within the Statute of Limitations? Any document which affords the evidence in writing of the essentials of the contract; any written evidence which "instructs" the mind as to the limit of the liability and the party liable. That this is a correct definition is proved by the meaning given to it in the Statute of Frauds.

"A contract, or some note or memorandum thereof in writing, expressing the consideration, and subscribed by the party to be charged," is declared to be an instrument of writing. (Compare the 8th and 9th sections, Arts. 396 and 397 Wood's Dig.; also the 12th, 13th and 19th sections, Arts. 400, 401, and 407.)

This instrument is, in its terms, defective in but one particular. No *express* promise is apparent on its face. In everything else—in date, amount, party from whom the money was received, and the signature of the party receiving—the contract is complete. But in this one particular, nothing on the face of the contract *expresses* the liability. That liability, I contend, is not essentially necessary to appear in terms, but may be *implied* by law. Is the paper less an instrument because defective in this particular? Where a man receives another's money, the law *implies* an agreement to repay it. That which is implied by law is unnecessary to appear expressly, and the instrument, linked with the implication of law, completes the contract.

It cannot be objected that this paper negatives the idea of liability on its face, by manifesting that the money might have been received in payment of a pre-existing debt. It is not such a receipt. It has not the universal characteristics of such a receipt—the evidence of the debt to which the payment is to be applied, or the degree of liquidation of that debt. It neither expresses that the money was received "on account" nor "in full," which is always incorporated with every business receipt. It stands before the Court as a naked acknowledgment of a receipt of money, and the law will imply a liability to repay that money.

*Sidney L. Johnson,* for Defendant and Appellant.

There is nothing in the receipts themselves which can be said to be a foundation for an action in these terms, or in any form of assumpsit. There is neither promise to pay, nor acknowledgment of indebtedness.

The money given might have been in discharge, total or

partial, of a debt of Morrison to defendant; the money that might be collected from the checks, and was to be carried to Morrison's account, might be more than overbalanced by other items of the other side.

The receipt of money by the defendant in a check drawn by the plaintiff on his banker, *prima facie* imports a payment, and not a loan. (*Cary* v. *Gerrish,* 4 Esp. N. P. C. 9; 1 Stevens' Nisi Prius, 316.

The written proof of the receipt of money can raise no other presumption than the parol proof. By itself it is no evidence to establish a debt. No action can be said to be founded on that which does not by itself, *prima facie*, establish a right of action.

The counsel for plaintiff speaks of the receipt as a contract. On this point we refer to 1 Greenl., Sec. 305; *Hawley et al.* v. *Bader et als.*, 15 Cal. 44, 46; 2 Pars. on Cont. 68; *Brannan* v. *Mesick,* 10 Cal. 108. The first receipt is a bare statement of a fact, that so much money was received by one person from another. The second writing differs in form, but amounts to the same thing so far as this action is concerned. Certain checks are to be converted into cash and applied to the account of John Morrison. It is merely saying that John Morrison is the one whose account is to be credited with the proceeds of the depreciated paper. No light whatever is thrown by this upon the state of the account upon the question of indebtedness. The presumption would be against John Morrison. Why give depreciated paper to be converted into cash at the best possible rate and applied to another's account, unless for the sake of covering or diminishing an unfavorable balance?

It is argued that because no expressions are used, such as " on account," or " in full," by which these receipts would have been conclusive in our favor, they are therefore conclusive against us. But the plaintiff has to make out an action against us founded on an instrument in writing, not we to make out a defense in writing; and the question is, whether either of these writings is in itself such an instrument, not

whether it proves the original absence of any cause of action against us.

By the Court, SAWYER, J.

The question in this case is, whether, under the Statute of Limitations, the two causes of action set out in the complaint are barred in two or four years. The following are the instruments to be construed:

" Received of John Morrison, Esq., the sum of two thousand seven hundred and fifty dollars. San Francisco, February 24, 1855.
" ($2,750.)                              EDWARD VISCHER."

" This is to state that I am holder of three checks on Page, Bacon & Co., (viz: $380 70, $514 40, $227 44,) amounting to eleven hundred and twenty-two dollars and sixty-three cents, to be converted into cash as best possible, and to be applied to the account of John Morrison. San Francisco, February 24, 1855.
" ($1,122 63.)                           EDWARD VISCHER."

The Court below held that an action to recover the money referred to in the first instrument was barred in two years; in the last, not till four years; and, accordingly, entered judgment in favor of defendant on the first, and against him on the second. Both parties have appealed.

A party may commence " within four years, an action upon any contract, obligation, or liability, founded upon an instrument in writing." * * * " Within two years, an action upon a contract, obligation, or liability, not founded upon an instrument in writing, except an action on an open account for goods, wares, and merchandise, and an action for any article charged in a store account." (Wood's Dig. p. 47, Sec. 17.)

The first instrument is a receipt for a specified sum of money —a mere naked acknowledgment that so much money had been received. There is no contract connected with it—no promise or undertaking in regard to it. It is a mere naked

acknowledgment, without any intimation as to the character in which the money was received, or of any intention or purpose with respect to its future disposition. It does not appear to whom the money belonged. As an instrument of evidence, a mere receipt is governed by rules different from those applicable to other writings expressing contracts or obligations; and this fact serves to illustrate the character of the instrument under consideration. As an acknowledgment of payment or delivery, it would be merely *prima facie* evidence of the fact, and not conclusive. The fact it recites might, therefore, be contradicted by other evidence. A receipt may have connected with it—embodied in the same instrument—a contract to do something else; and in that case it would possess a double character. As a receipt it might be contradicted; while as a contract it would stand on the footing of all other contracts in writing, and could not be contradicted or varied by oral testimony. (1 Greenl. Ev., Sec. 305.) And the reason why a different rule of evidence is applied to a mere receipt seems to be because it is not in any sense a contract, as it does not express or import a promise, obligation, or liability. It is an admission, only, upon which other parties do not ordinarily act, and are not liable to act to their prejudice. (Ib., Sec. 212; 1 Phil. Ev. 474, Note 131.)

Professor Parsons says: " A receipt for money is peculiarly open to evidence. It is only *prima facie* evidence either that the sum stated has been paid, or that any sum whatever was paid. It is, in fact, not regarded as a contract, and hardly as an instrument at all, and has but little more force than the oral admissions of the party receiving. But this is true only of a simple receipt. It often happens that a paper which contains a receipt, or recites the receiving of money or of goods, contains also terms, conditions, agreements, or assignments. Such an instrument, as to everything but the receipt, is no more to be affected by extrinsic evidence than if it did not contain the receipt; but, as to the receipt itself, it may be varied or contradicted by extrinsic testimony, in the same manner as if it contained nothing else." (2 Pars. Cont. 68.)

In the instrument under consideration no promise or obligation is expressed. Unless a promise or obligation is implied by law from the mere acknowledgment of the receipt of the money, no liability is imported on the face of the instrument.

Mr. Phillips, in his work on Evidence, Vol. 3, p. 426, edition of 1859, says: "In order to recover under a count for money lent, it will not be sufficient merely to prove the receipt of money from the plaintiff by the defendant, since the presumption of law is that money, when paid, is in liquidation of an antecedent debt." And several authorities are cited where money had been paid on checks. (See also *Headley* v. *Reed*, 2 Cal. 325; 1 Greenl. Ev., Sec. 38, and cases cited.) The principle applicable to checks is the same as in this case, for it matters not whether the evidence is a check or a written acknowledgment of the receipt of the money, so long as the evidence only extends to the fact of the receipt of money from one party by another.

All this instrument shows is the receipt of money from Morrison by the defendant—precisely what is stated in the rule as laid down by the authorities cited. Under this rule, (and we think it correct,) no promise or obligation is imported by the instrument. No liability can fairly be implied from its terms. If there was any contract, or promise, or liability, it arises from facts entirely outside of this receipt. By itself it is not evidence of a debt. It does not acknowledge or state a fact from which the law implies an obligation, and we do not think that a liability can be said to be "founded upon an instrument of writing," from the terms of which the law does not, *prima facie*, imply any liability whatever. The first cause of action is, therefore, subject to the two years limitation, and is barred.

Second—The second instrument contains these words: "To be converted into cash as best possible, *and to be applied to the account of John Morrison.*" This, in our opinion, goes beyond the mere acknowledgment of the receipt of money. It indicates to whom the money belongs, and contains a promise *to apply it to the account of John Morrison.* It is true, the instru-

ment does not state the condition of that account—whether Morrison is already indebted to defendant or not, or, if so, to what amount. But whatever the state of the account between them may be, the fair construction of the instrument is that it was Morrison's money, and that Vischer was to account to him for it. · The instrument shows upon its face a liability to account, and this action seeks to enforce that liability.

In the case of *Sannickson* v. *Brown*, 5 Cal. 57, a number of accounts for labor and services, and for goods and materials furnished for the use of defendants, under the name of the "Laura Virginia Association," had been presented to the Board of Trustees, and allowed. The Board had written thereon the words "audited and approved," and "we certify the above to be correct." The Court held that these accounts, thus indorsed, constituted instruments of writing within the meaning of the statute.

So in *Neighbors* v. *Simmons*, 2 Blackf. 75, an account had been presented against the defendant, upon which he had indorsed these words: "I acknowledge this account to be just," and appended his signature. This was held to be an instrument in writing within the meaning of the Statute of Limitations of Indiana.

In *Raymond* v. *Simonson*, 4 Black. 85, the Court say: "This suit is bottomed on written receipts. These receipts are very special; they clearly show the trust and acknowledge the claim; they distinctly state that he, John H. Rackafellow, the guardian, received the several sums of money of the said administrator, Kizer, for the use of Joseph Russell, as guardian for said Joseph, etc. These receipts are, without controversy, instruments of writing within the saving clause of the statute." The receipts were signed by the defendant.

In these cases there was no express promise to pay—no obligation in express terms assumed; but in each there was a state of facts acknowledged in writing to exist, which imported an obligation to pay—from which the law itself implied a liability, and they were held to be instruments in

writing within the meaning of the respective Statutes of Limitations under which they arose.

In our judgment, the instrument under consideration presents quite as strong a case as those just cited. It partakes of the double character of a receipt and contract. The defendant expressly undertakes to apply the proceeds to the account of John Morrison; and although the state of the account between the parties is not shown, yet the instrument does show that the money belonged to Morrison, and that defendant was liable to account to him for it.

The state of the accounts would have to be adjusted on the trial; but a liability to account is shown—and, in our judgment, the liability is founded upon an instrument in writing within the meaning of the Act, and the action was not barred till four years had expired. The record shows that the whole amount was, in fact, due from the defendant to the estate of Morrison.

The judgment is therefore affirmed—each party to pay one half the costs.