JEREMIAH C. CHASE *vs.* WILLIAM E. PIKE & others.

Suffolk. March 6. — July 29, 1878. COLT & SOULE, JJ., absent.

It is no defence to an action of replevin by a seller of property, which he sold and delivered to the purchaser on condition that the right of property should remain in him until the whole of the agreed price had been paid, that a third person lent the purchaser part of the money which he paid to the seller, and that the third person, having obtained possession of the property, mortgaged it, and afterwards tendered the agreed price to the seller.

REPLEVIN of a mare against William E. Pike, Volney H. Covell and Alden Bartlett. Writ dated February 14, 1876. The answer contained a general denial, and averred that the property in the mare and right of possession were in the defendants Covell and Bartlett, and that Pike, the other defendant, was, as their agent, keeping the mare.

At the trial in the Superior Court, before *Wilkinson,* J., the plaintiff testified that he was the owner of the mare, and about

May 18, 1875, sold her to A. D. Webber for $1200, to be paid by the delivery of a horse then owned by Webber and valued at $200, and the balance in thirty days; that the horse was delivered and the sum of $950 in cash paid to him within the thirty days, leaving $50 due; that within the thirty days, and when there was due him $800 upon the mare, he met Webber and the defendant Covell at the latter's stable in Boston and was offered two notes signed by Covell and indorsed by other parties for $800, which he declined to take; that on the same day Webber brought him $750 and wanted to take the mare, which the plaintiff declined to let him do until the whole sum was paid, and it was then agreed between the plaintiff and Webber that the plaintiff should take the $750 and deliver the mare conditionally to Webber to take her to Manchester, New Hampshire; that the mare should remain the property of the plaintiff until the $50 and the cost of keeping were fully paid, and Webber should pay that as soon as he came back from Manchester; that the plaintiff delivered the mare to Webber on these conditions, but Webber never paid the same or tendered it, though he returned with the mare from Manchester within a short time after he so took her, and that the plaintiff frequently demanded the money and the mare of Webber, and the money was not paid nor the mare delivered to him; that he made the trade with Webber alone, and did not know that Covell had any interest in it.

Covell was permitted, against the objection of the plaintiff, to testify that he furnished to Webber $200 in money in the first instance, and afterwards $750; that he also credited Webber with the horse given by the latter to the plaintiff, so that all that was paid by Webber to the plaintiff was furnished by Covell; that the mare came into his possession and he paid her board afterwards, and was paying it at the time when she was replevied; that he met the plaintiff at his stable in Boston, before the thirty days expired, and offered him the two notes, amounting to $800, but he declined to take them; that he then told the plaintiff to go home and he would send him the money in an hour; that he immediately got $750 and gave it to Webber and told him to go and give it to the plaintiff and get the mare, and tell the plaintiff that he would pay him the balance

at any time he would call for it; that Webber took the money and the same day brought the mare to him; and that she had been in his possession ever since, and the plaintiff had seen her in his possession frequently.

He was also permitted, against the objection of the plaintiff, to testify that at different times, before and at the time of the replevin, he offered to pay the plaintiff the sum of $50 due, and to pay for keeping the mare while the plaintiff kept her after the trade, but that the plaintiff said he had no right to take the money from any one except from Webber, without the consent of the latter. It was contended by the defendant and argued to the jury that this was a good tender for the amount due.

The defendants also called J. P. Silsby as a witness, who testified, against the objection of the plaintiff, that his wife took a mortgage on the mare from Covell, and let Covell have the money for the same ; and that he also offered to pay to Covell the balance due to the plaintiff, before bringing this action, and asked the plaintiff to give a bill of sale of the mare to Covell, which the plaintiff declined to do ; and the defendants contended that this also was a good tender.

The jury returned a verdict for the defendants ; and the plaintiff alleged exceptions.

*S. J. Thomas*, (*R. Lund* with him,) for the plaintiff.

*C. G. Keyes*, for the defendants, contended that the evidence tended to prove that Covell was an undisclosed principal, and entitled to make a tender of the price.

LORD, J. It seems not improbable that there exists somewhere a misapprehension respecting this case. It has been argued by the defendants' counsel, as if the question was whether the undisclosed principal of a buying agent could enforce the contract of the buyer for his own benefit. But no such question arises in this case. The answer does not set up such defence. It does not appear by the bill of exceptions that any evidence was offered tending to show that Webber, in purchasing the mare, made the purchase for the defendant Covell, or that Covell was other than a mere stranger to the trade between Webber and the plaintiff. Ii Covell lent money to Webber with which to pay the plaintiff, that created no relation between Covell and the plaintiff which, in law, entitled Covell to the benefit of Web-

ber's bargain with the plaintiff. There is nothing in the bill of exceptions tending to show that Covell is any other than a mere stranger, attempting to assume the benefit of Webber's trade. The fact that Webber allowed the mare to go into Covell's possession for some undisclosed reason has no legal bearing upon the case ; while the transaction between Covell and Silsby seems to have been wholly *res inter alios acta.*

*Exceptions sustained.*