## BERNARD McCULLA *vs.* WILLIAM H. BEADLESTON *et als.*

The rules of *Holland* v. *City Savings Bank*, 16 R. I. 734, as to when a mortgagee or his assignee can be compelled to assign a mortgage, affirmed.

A bill in equity against the assignee of a mortgage asked that a sale under the mortgage be enjoined. The bill did not charge payment of the mortgage debt, but charged

over-payments in transactions between the complainant and the copartnership of which the mortgage-holder was a member, which, if applied to the mortgage debt, would discharge it. These over-payments were denied.

*Held*, that the injunction could not issue.

Nor should the sale be enjoined, because the mortgaged estate largely exceeded the mortgage debt, and a sale would greatly embarrass the complainant mortgagor.

A bill in equity charged no mutual accounts, made only general assertions that the accounts between complainant and respondents were complicated, stated nothing to raise a trust, and waived an answer under oath:

*Held*, that it could not be sustained as a bill for an accounting.

Pending an action at law on a bond, a bill in equity is filed charging fraud in procuring the bond:

*Held*, that the question of fraud should be examined in the action.

A complainant asked that the surplus of a mortgage sale be paid into court to prevent its removal from the jurisdiction:

*Held*, on examining the pleadings, that they contained nothing to raise the question whether the complainant was entitled to such relief.

BILL IN EQUITY for an account, an injunction, and to compel the assignment of a mortgage. On demurrer to the bill.

*May* 3, 1890. DURFEE, C. J. The bill in this case is demurred to for want of equity. It was brought against William H. and Alfred H. Beadleston and Earnest G. W. Woerz, of New York, copartners in business in New York under the firm of Beadleston & Woerz, and against David W. Smith, of New York, their agent. It sets forth that several years ago said firm, by themselves and their said agent, agreed with the complainant to furnish and sell him their goods at as low a price as they were selling, or during the dealing should sell, goods of the same kind to any customer on their books, the complainant undertaking to push and sell them in a certain territory as their agent; that the complainant, relying on said agreement, did undertake to buy and sell them accordingly, and since the agreement has taken and sold large quantities thereof, and has paid said firm a large amount of money therefor; that he has had various complicated transactions with said firm arising therefrom; that he has become involved with said firm in a complicated account; and that he has given said firm several promissory notes for considerable sums signed by him without consideration, which the firm now holds. It also sets forth that January 1, A. D. 1880, the complainant gave a mortgage for $5,000 on certain real estate belonging to him in the city of Providence to J. G. Eddy & Co.; that November 11, A. D. 1885, said mortgage, and the debt secured thereby, passed by assignment to said William H.

Beadleston, but in the interest of said firm; that August 9, A. D. 1888, the complainant gave the said David W. Smith, agent for said firm, his bond for the payment of any money that he then owed, or might thereafter owe, said firm, and that he also gave said firm, as security for the bond, a mortgage on real estate belonging to him, part of which was a parcel covered by the mortgage previously mentioned. And after answer by the defendants setting up that said bond contains an account stated by the firm and assented to by the complainant, showing his indebtment to the firm, and the same is a bar to all claims prior thereto, the bill by amendment alleges that said account stated is in said bond in consequence of misrepresentation and concealment practised on him by the firm and by misunderstanding on his part. The bill also alleges the giving a bond with sureties to the firm for the same purpose, and that the firm has brought an action against him on the bond first named, and therein attached his estate. The bill alleges that the complainant is not indebted to the firm, as a full accounting will show; that the firm has not kept its agreement with him to sell to him as low as to any other customer on its books, but has charged him more than it charged another customer for the same sort of goods, fraudulently concealing the fact of such overcharges, which amount to a large sum, to wit, to the sum of $13,000, and sets up that he is entitled to have the accounts revised and corrected accordingly. The bill alleges that William H. Beadleston has pressed the complainant for payment of the mortgage assigned to him, and that the complainant, being himself unable to make the payment with his property tied up as aforesaid, has procured another person to make it for him on receiving an assignment of the mortgage, but that said William H. has refused to accept the same and make the assignment, and requires payment of a claimed indebtedness to the firm which the complainant does not owe as a condition thereof. The bill also alleges that said William H. has advertised to sell under the mortgage, and avers that the mortgaged estate " is worth several thousand dollars more than the amount called for by said mortgage, and that a sale thereunder will be attended with great and irreparable injury to the complainant in the condition of affairs and accounts aforesaid between himself and said several respondents, as all his estate

would be carried out of the State, and that without consideration and adequate remedy, and without any remedy, except what would be attended by and cause the complainant great and inordinate expense to him; and that said Beadleston threatens said sale unless said second mortgage to Smith for Beadleston & Woerz is paid, and thereby to obtain an advantage thereunder, and for the purpose of oppressing the complainant and obtaining said property himself." The bill prays that the sale advertised as aforesaid may be enjoined; that said William H. may be ordered to assign the mortgage held by him as requested on receipt of the amount due thereon, with expenses, which amount is offered; that he may be enjoined from transferring said mortgage; that a full account may be taken of all matters between said William H., said firm, and said Smith and the complainant; that said firm and Smith may be enjoined from transferring said other mortgage or notes; that the suit on the bond may be stayed, etc., and for general relief.

We think for reasons given in the case of *Holland* v. *Citizens' Savings Bank*, 16 R. I. 734, that the bill does not show that complainant is entitled to have the mortgage held by William H. Beadleston assigned as requested, on receiving the amount due thereon with expenses. The said William H. succeeded to the right of the original mortgagees, and, so far as appears, he is under no more obligation in this respect than they would have been under if they had not parted with the mortgage. Nor do we see that the complainant is entitled to have the mortgage sale enjoined. The bill alleges that the complainant is not indebted to the firm, but it does not allege that the mortgage debt has been paid as such. We understand the claim to be that the complainant has overpaid the account growing out of the business between him and the firm, as set forth, and that said over-payment if applied to the mortgage debt would satisfy it. We also understand from the bill that the firm does not admit but denies any over-payment, so that what is asked is that the sale may be enjoined, until the question so raised can be adjudicated, and the balance, if any be found for the complainant, can be set off against the mortgage debt. The same sort of relief was asked for in *Frieze* v. *Chapin*, 2 R. I. 429, and was refused, the court being of opinion that, as the claim was controverted, the sale should not be delayed. Other cases main-

tain the same doctrine. *Preston* v. *Strutton*, 1 Anstr. 50; *Rawson* v. *Samuel*, 1 Cr. & Ph. 161; *Gregg* v. *Hight et al.*, 6 Mo. App. 579; *Robertson* v. *Hogsheads*, 3 Leigh, Va. 667, 2 Story's Eq. Juris. § 1436. In some of these cases, claim and counter-claim originated in the same series of transactions, but even this was not thought to warrant the injunction. The mortgage in the case at bar originated outside the business of the firm, and, so far as appears, has not been complicated with said business.

The complainant urges that the sale be enjoined for another reason, namely, because the mortgaged estate exceeds in value the amount of the mortgage debt by several thousand dollars, and because the sale will be attended with great and irreparable injury to him, said second mortgage and said attachment making it impossible for him to raise the money required to pay said debt; and further, because of William H. Beadleston's threats above set forth. We do not think the sale should be enjoined for these reasons. That the complainant is unable to pay the debt is no reason for enjoining the sale, for the power to sell is given to enable the holder of the mortgage to collect the debt by selling if the debtor cannot or will not pay it. *Muller* v. *Bayly*, 21 Gratt. Va. 521. And if the sale be fairly conducted, there is no reason why it should be disastrous; for it will carry the estate to the purchaser free from all incumbrances. The holder of the mortgage will have to compete at the sale with other bidders, and cannot carry out the threats which he is alleged to have made if he were disposed to do so, and it is not alleged that he is disposed to do so. It seems to us that in the circumstances the allegation of threats is in itself too vague to warrant an injunction. *Holland* v. *Citizens' Savings Bank*, *supra*. "The parties make their own terms, and ordinarily neither party should complain so long as the other does not violate them." Per Greene, C. J., in *Frieze* v. *Chapin*, *supra*; 2 Jones on Mortgages, § 1805; *Jones* v. *Matthie*, 11 Jur. 504.

The counsel for the complainants asks in his brief that, if the sale is not enjoined, said William H. Beadleston may be required to bring the surplus of the proceeds, remaining after payment of the mortgage debt and expenses, into court, there to abide the determination of the matters in dispute between the complainant and the firm; because, he says, it will otherwise be carried out of

the State, and the complainant, in. order to enforce his claims against it, will have to follow it. The first question under this request is, whether the bill is framed so as to warrant such relief. The bill, in its introductory part, describes William H. Beadleston and the other members of the firm as " of New York," and as " copartners in business in New York; " but in the stating part it makes no such allegation, nor any direct allegation to the effect that the surplus will be, or that there is reason to believe that it will be, carried out of the State. The only allegation there relating to the point is that above recited, namely, that a sale under the mortgage " will be attended with great and irreparable injury to the complainant, . . . *as all his estate would be carried out of the State.*" The allegation, if it can be so called, is made *arguendo*, and is by itself clearly insufficient, since it does not show any basis of fact on which it rests. Can resort be had in aid of it to the introductory part of the bill ? The proper place for allegations which are relied on as ground for relief is the stating part, and there are cases which hold it to be the only place. *Wright* v. *Dame*, 22 Pick. 55 ; 1 Daniell Chanc. Plead. & Pract. *261, n. 1. But, however that may be, the allegation, to be regarded as ground for relief, must be at least distinctly and specifically made. Story Eq. Plead. 8th ed. §§ 32 and 32 a. Here the allegation was used merely in connection with the names of the defendants for the purpose of identifying the defendants, and cannot be regarded as ground for relief without wresting it from its purpose. There is nothing in the bill to indicate that any such relief as is proposed would be asked for because of the non-residence of the defendants, none such being specifically prayed for, and the allegation that the estate would be carried out of the State being made as entitling the complainant, not to such relief, but to an injunction. Besides, a person may be properly described as " of New York " and yet be so much or so frequently in this State as to be readily amenable to our jurisdiction. We do not think that a case is made which even raises the question whether the complainant is entitled to relief as proposed.

The complainant contends that the bill is maintainable as a bill for an account. Such a bill is maintainable when there are mutual accounts, or when the account sought to be taken, though one-

sided, is intricate and complicated, or when a discovery is required to aid in the taking. The bill does not show that there are mutual accounts. All that it shows is, that the firm has sold goods to the complainant, and claims that the complainant is indebted to it for balance of account, and that the complainant has made payments on account from time to time which he claims exceed the amount due to the firm thereon. To constitute a case of mutual accounts, there must have been a course of reciprocal or alternate dealing; but where there is nothing on one side but payments, that is not sufficient. *Prenatt* v. *Runyon*, 12 Ind. 174; *McNeil* v. *Garland & Nash*, 27 Ark. 343; *Ingram* v. *Sherard*, 17 Serg. & R. 347; *Gloninger et al.* v. *Hazard et als.* 42 Pa. St. 389. The case, for anything that appears in the bill, does not differ materially from the case of an ordinary account between a grocer and his customer, which has been allowed to run for several years, payments meanwhile being made thereon from time to time. Nor does the bill make a case for relief on the ground that the account is intricate or complicated. It is alleged to be so in general terms, but that is not enough without some more specific statement of facts or circumstances from which it may be fairly presumed to be so. *Bowles* v. *Orr*, 1 Younge & Coll. 464; *Padwick* v. *Hurst*, 18 Beav. 575; *Badger* v. *McNamara*, 125 Mass. 117. Perhaps matters may exist which will create a complication that would confuse a jury, perhaps the reclamations for over-payment will do so, but the bill does not make it appear that they will do so by any specific disclosure.

The bill does not purport to be a bill for discovery, and cannot be regarded as such, the oaths of the defendants having been waived. *Harrington* v. *Harrington*, 15 R. I. 341; *Badger* v. *McNamara*, *supra*.

A bill for an account is often sustained because of some relation of trust between the parties. This bill alleges that the complainant, as a part of his agreement with the firm for the goods, undertook to push and sell them in a certain territory as its agent. The goods, however, were to be his own, and therefore, though he might hold himself out as agent, we do not see how there could be any real agency, in virtue of which the complainant would be accountable as the agent of the firm. Nor do we think the bill can be sustained because of the promissory notes alleged to have been given

without consideration. The notes, if so given, are not enforcible in the hands of the firm, and it is not alleged that they are negotiable, or, if they are, that they are still current.

We do not think the bill can be maintained as a bill to set aside the bond of August 9, A. D. 1888, for fraud alleged in procuring it. The fraud is not alleged as ground for relief, but in answer to the plea of stated accounts. But further, the bill shows that when this suit was begun, an action at law on the bond was already pending in this court. The fraud, if committed, may be proved in avoidance of the bond in that action; courts of law and of equity having concurrent jurisdiction in matters of fraud, and, when this is so, the rule is, that the court which is first to acquire jurisdiction of the cause must adjudicate upon it to the exclusion of the other. *Blake* v. *Butler*, 10 R. I. 133; *Mallett et al.* v. *Dexter*, 1 Curtis, 178; *Smith* v. *McIver*, 9 Wheat. 532.

                                             *Demurrer sustained.*

*Charles H. Page, Harrison A. McKenney & Franklin P. Owen*, for complainant.

*Charles Bradley & Walter F. Angell*, for respondents.