## Johanna Reiss, Plaintiff in Error, v. Martin Neimes, Defendant in Error.

## Gen. No. 16,368.

1. ACCOUNT STATED—*when evidence insufficient to show good cause of action.* A wife gave her husband various sums of money to give to the defendant for the husband's joint interest in a saloon purchased, but she was not present when the money was paid to the defendant. Subsequently the defendant gave her a receipt, which was a naked acknowledgment of receiving the money, and promised he would give the money to her. *Held,* the promise was without consideration and a good cause of action as on an account stated was not established.

2. CONTRACTS—*no liability on acknowledgment of receipt of money.* An instrument that is a mere naked acknowledgment that the defendant had received a certain amount from the plaintiff imports no promise or obligation.

Error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed June 17, 1912.

**Statement by the Court.** The plaintiff, Johanna Reiss, is the wife of Charles Reiss. In December, 1908, she gave to her husband $100, in January, 1909, $150 and in February, $250 of her own money to give to the defendant to pay for an interest in a saloon which he and the defendant had bought. March 11, 1909, Charles Reiss was arrested and defendant applied to plaintiff and her parents to give bail for him. This they declined to do unless the defendant would give a receipt for the money which he had received. Defendant then gave to the plaintiff the following receipt:

"Mch. 11, 1909. Received of Mrs. Johanna Reiss five hundred dollars. $500.

"MARTIN NEIMES."

Johanna Reiss brought an action against Neimes to recover said money. The cause was submitted to

the court and there was a judgment of *nil capiat*, to reverse which the plaintiff prosecutes this writ of error.

JOHN STELK, for plaintiff in error.

DOUGLAS C. GREGG, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The contention of the plaintiff in error is that the evidence made out in her favor a good cause of action as on an account stated. The instrument is a mere naked acknowledgment that the defendant had received $500 of the plaintiff. There is in it no promise or undertaking in regard to the money, no intimation as to the character in which it was received, or of any purpose or intention with respect to its future disposition. No promise or obligation is imported by the instrument. No liability can fairly be implied from its terms. If there is any contract, promise or liability, it arises from facts outside of the receipt. Ashley v. Vischer, 24 Cal. 322.

Plaintiff testified that when her husband got from her the $100 he said be was going to buy a saloon with Neimes; that when he got the $150 he said he wanted to give it to Neimes for the saloon; that when he got the $250 he was already in the saloon and said he must give the money to Neimes, that he was buying the saloon with Neimes. She further testified that she never gave Neimes any money and was not present when her husband gave Neimes any money. Some of the witnesses testified that at the time the receipt was given Neimes said he would give the $500 to plaintiff, but if he was not liable for the money to the plaintiff before such promise was made, he did not become liable because of such promise, for in that case it was without consideration.

We think the record is free from error, and the judgment is affirmed.

*Affirmed.*