FREDERICK BANDALOW

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*sale of beer to be drank in street or alley.* If the owner of a brewery not having a license to keep a dram-shop, sells beer to various persons, on various occasions, by the gallon, knowing or having good reason to believe such persons to whom sold are going to drink the same in a public street or alley adjoining his brewery where the sale is made, and the same is so drank in the street or alley, he may be convicted under counts of an indictment charging a sale of liquor to be drank on premises adjacent to the premises where the sale is made or place of public resort.

2. SAME—*street may be a place of public resort.* A public street or alley adjoining a place where beer is sold by the gallon, may be so used by the public as to make them places of "public resort" within the intent and meaning of the statute relating to dram-shops, as, where persons daily assemble there for amusement, drinking and conversation, and contribute money with which to buy beer by the gallon.

3. SAME—*a street as "premises adjacent" to place of sale.* A public street or alley fronting a place where beer is sold to be drank in the street, is embraced within the statute prohibiting sales of liquor to be drank upon premises adjacent to the place of sale.

4. INSTRUCTION—*abstract law.* The giving of an instruction announcing a correct rule of law as provided by the statute, in a certain case, which has no bearing on the case being tried, but not calculated to mislead the jury, is no ground for reversing a judgment justified by the evidence.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding.

Messrs. JUSSEN & ANDERSON, for the plaintiff in error.

Mr. TRACY B. HARRIS, for the People.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment against Frederick Bandalow, for selling intoxicating liquor contrary to sec. 2, chap. 43, Revised Statutes of 1874, entitled "Dram-shops." The section declares,

whoever, not having a license to keep a dram-shop, shall, by himself or another, either as principal, clerk, or servant, directly or indirectly sell any intoxicating liquor in less quantity than one gallon, or in any quantity to be drank upon the premises, or in or upon any adjacent room, building, yard, premises or place of public resort, shall be fined not less than $20 nor more than $100, and be imprisoned in the county jail not less than ten nor more than thirty days.

The first ground relied upon to reverse the judgment is, that the court erred in giving instructions four, five, six and eight for the people. In these instructions the jury were, in substance, directed, that if they find, from the evidence, that defendant sold lager beer to various persons and on various occasions by the gallon, and that at the time of such sale he knew, or had good reason to believe, the persons to whom he sold were going to drink the beer in the public street or alley adjoining his brewery where the sale was made, and that the beer was so drank, they might, under such evidence, find the defendant guilty under such counts of the indictment as charge a sale of liquor to be drank on premises adjacent to the premises where the sale was made.

The brewery of defendant, situated in Watseka, was fronted by a public street, and a public alley ran along one end of it. The manner in which beer seems to have been sold was as follows: A number of persons desiring to drink beer would make up a sufficient sum to buy a gallon; one of the number would go into the brewery, buy a gallon, and bring it out in a jug or gallon measure belonging to defendant, and drink the same in the street or alley and then return the jug or measure to the defendant; quite often glasses were brought out belonging to the defendant and used until the beer was drank, and then returned. It was, as appears from the proof, a common occurrence for as many as twelve persons to join, or, as the witnesses term it, all "chip in," and with the fund thus raised buy a gallon of beer and drink it in the street in front

of defendant's place or in the alley which ran along the end of the establishment.

The argument of the counsel for the defendant, as we understand it, is, that a public street or alley is not a place of public resort, either in the sense in which these words are used in the statute or according to the ordinary acceptation of the term "public resort." Whether a street or alley could be regarded as a place of public resort, would, necessarily, to a great extent depend upon the manner in which they were used. We see nothing to prevent a street or alley from being so used by the public that they might be regarded as places of public resort within the intent and meaning of the statute. Here, as appears from the evidence, persons numbering from six to twelve were in the habit daily of congregating for the purpose of drinking beer. The street and alley were not used as a driveway, but as places where persons assembled for amusement, for drinking and conversation.

Webster, as definitions of the word resort, gives the following: "act of visiting," "assembly, meeting," "concourse, frequent assembling." As a place of resort: "the place frequented, as ale-houses, or the resort of the idle and dissolute." Under these definitions we perceive no reason, when the evidence is considered, why the street and alley adjoining the brewery might not be regarded as places of public resort within the meaning of the act.

But the instructions may be sustained upon another ground. The section of the statute under which the indictment was framed, prohibits a sale where the liquor is to be drank upon the premises or in or upon an adjacent room, building, yard, premises or place of public resort. Under the language here employed, if the sale was made with the knowledge or understanding that the beer was to be drank upon the adjoining premises, we can not do otherwise than hold that the law was violated. The street and the alley were premises adjacent to the brewery, and if they were held not to be a place of public resort, still they come clearly within the prohibition of the

statute. When the defendant was in the habit of furnishing a gallon measure in which the beer was carried into the street or alley, and glasses out of which it was drank, it can not be seriously argued that the beer was not sold for the purpose of being drank upon adjacent premises and with that intent.

We are of opinion, under a fair construction of the statute, the instructions were, in substance, correct. Exception was also taken to the seventh instruction. It merely, however, announces what the statute in a certain case declares to be the law; and while we are unable to see what bearing it has on the case, yet we do not consider that it was calculated in the least to mislead the jury, and for this reason we can not reverse, although the instruction has no proper place in the case. It is also urged that the indictment was insufficient, but upon an examination it will be found to be in the language of the statute, and this must be regarded as sufficient.

As no error appears in the record the judgment must be affirmed.

*Judgment affirmed.*