## THORNTON PEEPLES

*v.*

## SAMUEL P. McKEE.

1. INSTRUCTION. Although an instruction may present a mere abstract proposition of law, yet, when not calculated to mislead the jury, it will not afford ground for reversal.

2. CREDIBILITY *of witnesses.* Where there is a conflict in the testimony of witnesses it is for the jury to determine to whom they will give credence.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action of assumpsit, brought in the court below by McKee against Peeples. A trial resulted in a judgment for the plaintiff for $485, from which the defendant appealed.

The purpose of the suit was the adjustment of accounts between the parties in connection with matters detailed in the testimony.

Among others, the court gave for the plaintiff the following instruction:

"The court instructs the jury, that if they believe, from the evidence, that after Peeples claims to have purchased the land on which the nursery is situated, he recognized the rights of the plaintiff in that portion of the nursery claimed by the plaintiff, this is a circumstance from which they may infer that the plaintiff's rights are not affected by said purchase under the deed of trust."

Mr. C. F. NŒTLING, and Mr. R. A. HALBERT, for the appellant.

Mr. JAMES M. DILL, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears that in the early part of 1870 one Edwin F. Babcock owned a large nursery in St. Clair county. He was

indebted to appellant in a sum of between $7000 and $8000, and to secure its payment he gave appellant a chattel mortgage on the trees, shrubs, etc., in the nursery.

In September of that year Babcock was owing one Morrison for labor in the nursery, and the latter sued out an attachment against Babcock and had it levied on a part of the nursery stock, and to induce appellee to become surety on a delivery bond for the property, Babcock gave to him a bill of sale of the property thus seized under the attachment. Appellee claims that he was compelled to pay the judgment of $600 or $700 in the attachment suit; he claims his loss was $1000 but specifies no other item.

Subsequently, in the same fall, Babcock turned over to Peeples all of his interest in the nursery not sold to appellee under the foreclosure of his chattel mortgage, and he went into possession, and appellee being in possession of his portion, they employed Dew to superintend the nursery and make sales, pay expenses,.etc. In filling orders he used appellant's trees, etc., but when necessary he filled out orders from appellee's portion. It does not appear what the amount of sales was or what proportion there was taken from the stock of each.

In the spring of 1871 Dew left, and William S. Babcock was employed as manager as Dew had been, and he sold trees, collected money and paid expenses, and in filling orders acted as Dew had done. But it does not appear what amount he sold or the proportion that was taken from the stock of each. He, however, supposes that there was from $1500 to $1800 worth of appellee's stock thus sold.

On the 18th of May of that year the ground upon which the nursery was situated was sold under a mortgage given by Babcock to secure a debt of $16,000 in 1866, and appellant became the purchaser and received a deed therefor. He continued in possession afterwards as before.

It seems that appellee received from the sales of the nursery stock, or at any rate there was paid therefrom, $1000, on a judgment against him and Babcock in the United States Cir-

cuit Court, and a note for $682 on Beedle, given for stock he purchased from the nursery. Of this appellee received most of the sum, if not in full. There was purchased of a nursery in Rochester, New York, $1195 worth of trees, etc., which appellant claims were in part sold with appellee's trees, and which formed a part of these sums, and as appellant paid for these trees, he insists that appellee should account for the same. Appellant and appellee borrowed $500 from the bank to pay expenses of carrying on the nursery, which appellant paid, and he claims that appellee should account for the portion of the expense in cultivating, boxing and selling his trees. Appellee claims that the $1000 paid on the judgment was received and paid by Babcock, and that it and Beedle's note were from Babcock's interest in the nursery, although appellant claims it was principally from his trees the fund was derived, but in this their evidence is contradictory.

The business in all of its parts seems to have been done in a very loose and careless manner. Nor were the books kept by Dew and Babcock, who acted for the parties, produced, and the evidence of the witnesses is not definite as to amounts. But William S. Babcock, who had a better opportunity to be informed than others, states that he thinks from $1500 to $1800 of appellee's trees, etc., were sold, of which he received no portion, and he swears he got the parties together, when it was agreed that appellant should sell appellee's trees and account to and pay appellee for them. This appellant denies. But the jury seem to have credited Babcock, and it was for them to determine to whom they would give credence.

It is again urged, that when appellant purchased the land on which the nursery was growing he became the owner of the trees. To this, if for no other reason, it may be answered that the purchase did not occur until the 18th of May, 1871, whilst the sale of the trees out of which this controversy arises was in the fall of 1870 and in the spring of 1871 and previous to the purchase. The evidence shows that the spring sales usually close the last of April or the first of May, so that this

sale and purchase did not affect the rights of the parties as to prior transactions.

A careful examination of the evidence satisfies us that it sustains the verdict. It is inharmonious and not entirely clear and satisfactory, but it does tend strongly to sustain the finding of the jury. We can not say that it is so clearly against the evidence as to require a reversal.

The instruction complained of by appellant may have been abstract, but we fail to see that it was calculated to mislead the jury.

Perceiving no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*