## International Bank
### v.
### Joseph Jones et al.

1. Evidence.—In considering the proper inference from facts proved, regard must be had to the nature of the particular case and the facility afforded for explanation or contradiction. The court is of opinion that the inference which the jury drew in this case, that at the time of the presentation of the check in question there were sufficient funds in the bank to pay it, can not be said to be without support from the facts and circumstances. (This case is reported in 15 Bradwell, 594.)

2. Instructions.—The court may refuse instructions which contain no hypothesis upon which the jury are to find, no reference to the case, but which are mere abstract propositions of law. The giving or refusing such abstract propositions will not be cause for reversal, unless it appears that, as given, they tended to mislead the jury.

Appeal from the Circuit Court of Cook county; the Hon. Kirk Hawes, Judge, presiding. Opinion filed July 28,1886.

Messrs. Rosenthal & Pence, for appellant; as to the law relating to appropriations where one partner retires, cited Story on Partnership, § 157; 1 Lindley's Law of Partnership, 4th Ed.; Collyer's Law of Partnership, 2d Ed., 376.

Mr. I. K. Boyesen, for appellees.

Moran, J. This case was in this court on appeal, at the October term, 1884, and is reported in the 15th Bradwell, 594. As was then said, it is, in its essential features, like the case of Richardson v. The International Bank, 11 Bradwell,

584, and we again refer to the last mentioned case for a full statement of the facts. The case was reversed by this court on the former hearing on the ground that, while it appeared from the evidence that the check in favor of plaintiffs was presented for payment September 1st, at or before 2 o'clock P. M., and it further appeared that Oakford, the drawer of the check, had deposited on that day $11,778.58, and checked out only $4,630.79, leaving a balance of $7,148.50, yet there was no evidence to show that there was in the bank sufficient money to pay plaintiff's check at the time it was presented. The record, as it comes here this time, contains the testimony of Edward Oakford, in substance, that he personally made all the deposits for John D. Oakford & Co., on said September 1st, and that all said deposits were made prior to one o'clock of said day. It appears from the evidence that it was at that time the custom of the clearing house to hold checks till after one o'clock before returning them to the bank from which they came as no-fund checks. It is claimed by appellant that the check was presented after 11 o'clock and before 1:30 o'clock of September 1st. The check was not returned as refused until after one o'clock, and the inference would seem to be just that it is to be treated as presented just before it is returned, unless it is shown that it was presented at an earlier hour. As there was much evidence from which the jury might draw the conclusion that the bank was acting on that September 1st, with method and design, they probably attached some significance to the fact that while the bank might be supposed to have evidence as to the time of the presentation of the check, and the state of the account of the new firm at the time of its presentation and refusal (for it is only on the assumption that the account was *in truth* that of the new firm, that the inquiry has any pertinence), yet the defendant bank is on those questions wholly silent. In considering the proper inference from facts proved, regard must be had to the nature of the particular case, and the facility afforded for explanation or contradiction; and the inference which the jury drew in this case, that at the time of the presentation of this check there were funds sufficient in

the bank to pay it, can not, in our opinion, be said to be without support from the facts and circumstances of the case.

The court fully and fairly instructed the jury, at the request of the plaintiffs, on all the issues of the case, and counsel for appellant finds no fault with such instruction, but assigns for error, modifications made by the court in some of the instructions asked by defendant. Counsel seems to place most reliance on alleged error in modifying defendant's instruction number 4. Said instruction as asked, was as follows: The jury are instructed, as a matter of law, that neither the drawer nor the payee of a check has any lien upon any deposit made by the drawer on a bank; the relation simply of debtor and creditor exists between the depositor and the bank, but that no contract or obligation exists between the payee of a check and the bank upon which the check is drawn, until such check is actually presented to the bank for payment, and then only in case the bank, at the time of such presentation, is indebted to the depositor for the full amount of the check. The court added:

"But the court further instructs you that the law in this State is, that when a depositor draws his check on his banker, who has funds to an equal or greater amount than the check, which should legally be applied to the payment of such check, then the presentation of such check for payment, operates to transfer the sum named in the check to the payee, and he may, in his own name, maintain an action against the person upon whom 'the check is drawn in case payment is refused."

It is contended that by the words " which should legally be applied to the payment of such check," contained in the court's modification, a question of law was submitted to the jury. The instruction, as asked by counsel, was an abstract legal proposition, and to that the court added another abstract legal proposition.

Considered as mere abstract propositions of law, both were correct. The court might well have refused the instruction as asked, for it contained no hypothesis upon which the jury was to find ; no reference to the evidence. Atkinson v. Lester et al., 1 Scam. 407.

But the giving or refusing such abstract propositions will not be cause for reversal, unless it appears that as given they tended to mislead the jury. The propositions given had no such tendency. Corbin v. Shearer, 3 Gilm. 482; Bandalow v. The People, 90 Ill. 218 ; Ryan v. Donnelly, 71 Ill. 100; Peeples v. McKee, 92 Ill. 397.

Complaint is made of the court's modification of appellant's second instruction. The instruction as given is as follows, the italicized words indicating the modifications:

"The jury are instructed as a matter of law, that it was *as much* the legal duty of Oakford after the dissolution of the old firm, *as before its dissolution*, to pay the defendant bank all the firm owed it, and all the old firm's overdrafts ; and if you believe from the evidence that after the dissolution of the old firm, Oakford did under the old firm name continue to deposit with the defendant, barely, without any request on his part to the bank to open a new account with him, and that Oakford did, when such deposits were made, cause the bank pass-book of the old firm to be presented to the bank for the purpose of entering said deposits therein to the credit of the old firm, and that such deposits were entered therein to the credit of such old firm, *with the knowledge and consent of Oakford*, then the law infers that Oakford intended to assume the payment of the old firm's overdrafts, and unless you also believe from the evidence that there was an agreement between Oakford and some officers of the bank that the deposits made subsequent to the dissolution with Thomas should not be used by the bank in payment of the old firm's overdrafts, then the defendant is entitled to your verdict, and the plaintiffs can not recover."

All of the instruction that precedes the semicolon, is an abstract and irrelevant proposition of law, and being such, might have been stricken out, without at all affecting the completeness of the instruction proper, and according to the authorities above cited, the refusal to give it, or the modification of it, is not error. It does not, as counsel supposes, submit a question of law or any other question to the jury. That portion of the instruction which did submit facts to the jury and state

International Bank v. Jones.

the law applicable to those facts, was given as asked, with a very slight, but very proper modification, as we shall see in discussing instruction number 3, which as given was as follows: "If the jury believe from the evidence that, as between Oakford and Thomas, he, Oakford, agreed to pay the debts of the firm of J. D. Oakford & Co., and that after the dissolution Oakford continued to deposit in the International Bank, under the old firm name, and that such deposits were passed to the credit of the old firm in the bank's account, *with the knowledge and consent of Oakford,* and on the old firm's pass-book, and that Oakford did not direct the bank officers to open a new account with him, then the defendant is entitled to your verdict." The phrase in italics is the change made by the court, and of which appellant complains. It was undisputed that Oakford continued after the dissolution of the firm of J. D. Oakford & Co., to deposit in the International Bank; that the old firm's pass-book was used, and that in form the deposit appeared in such pass-book to be under the old firm name. It is uncontradicted that the deposits were shown on the books of the bank as passed to the credit of the old firm, and it was not claimed that Oakford, in terms, directed the bank officers to open a new account. But there was evidence tending to show, and which plaintiffs insisted did show, that Oakford understood the deposits to be for the new firm, and that the bank treated the matter of the Butcher check in such manner as that it, in effect, recognized a new account. Oakford testified that the deposits were not made by himself, and that the old pass-book was used without his attention being called to it. Now, the instruction, as asked, ignored plaintiff's evidence, and sought to have the court tell the jury that, if the acts mentioned in the instruction were done, whether Oakford knew and consented to them or not, defendant would be entitled to the verdict. Manifestly, the knowledge of Oakford that the deposits were being placed to the credit of the old firm in the bank's account, was, under the circumstances, an essential element in a hypothesis that would entitle defendant on such facts to the verdict, and to have given the instruction without the modification would have been error.

What has been said with reference to the third instruction, will apply to a similar modification made by the court in defendant's second instruction, and in other of defendant's instructions, where substantially the same point was involved.

There being no error in the record, the judgment of the circuit court must be affirmed.

Judgment affirmed.