## WILSON AMES

v.

## ROBERT MOIR & COMPANY.

*Limitations—Contract in Writing—Evidence—Instructions.*

1. There may be a contract in writing although it contains no express promise to pay the consideration. Where a state of facts is acknowledged in writing to exist, which imports an obligation to pay, the law implies a promise but the contract is not thereby reduced to parol.

2. The court may properly refuse to give an instruction which states an abstract proposition of law.

[Opinion filed July 3, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. JOHN G. REID, for appellant.

Messrs. EDSALL & EDSALL, for appellee.

GARNETT, J. This is an action of assumpsit for goods sold and delivered, commenced January 13, 1886, by appellees against appellant, on the following instrument:

" Contract.                 CHICAGO, June 9, 1870.

" I have this day bought of Robert Moir & Co. one hundred (100) barrels highwines, ' iron bound,' at one dollar and

Ames v. Moir & Co.

seven cents ($1.07) per proof gallon. The conditions of sale are as follows: The buyer can call' from 1st July to 20th of same month by giving three days notice, and if not called for by the 20th July, the seller has the privilege of delivering up to the end of July by giving three days notice. To be delivered in fifty barrel lots. To insure the fulfillment of this contract, a margin of three hundred dollars will be put up by both parties.

                                                "Wilson Ames."

The principal point made on this appeal is that the instrument is not a contract in writing or an evidence of indebtedness within the scope of Sec. 1 of the act of November 5, 1849, prescribing a limitation of sixteen years, but that it is governed by Sec. 2 of that act which makes five years a bar. This question is directly presented by the 4th and 5th pleas, to which the court below sustained a demurrer.

The argument for appellant assumes that the essential elements of a contract are not to be found in the paper in question. By its terms, the names of both parties, the description of the property forming the subject-matter of the bargain, the price per proof gallon, and the terms, are accurately set forth. The opening sentence of the contract states that Ames has bought of Robert Moir & Co. one hundred barrels of high-wines at $1.07 per proof gallon. That means, that at some time before the writing was made, a bargain was entered into between these parties. If the first agreement was by parol on the part of appellees, it was a valid consideration for Ames' written agreement. The sufficiency of the consideration is not affected by any conditions the parties chose to attach to the contract. The signing by Ames only, and the necessity for parol proof to establish his liability, makes no material difference in this case. Hooker v. Hyde, 61 Wis. 204; Prenalt v. Runyon, 12 Ind. 174.

The decision in Dunning v. Price, 56 Ill. 338, is in point. The contract sued on in that case was as follows:

"$268.                              Aurora, January 22, 1858.

"Be it known that in May, 1856, Edward H. Price assigned

to me a certain judgment against Jonah F. Keene, and whereas said judgment is about to be settled by the note of David and Edgar Keene secured by mortgage on lands in DeKalb county, this is, therefore, to certify that the portion of said judgment, now equitably belonging to said E. Price, is two hundred and sixty-eight dollars, which I promise to pay him so soon as said note shall be collected of said D. and E. Keene, with interest from date.

J. D. DUNNING."

To fix Dunning's liability it was necessary to show by parol proof that the note of David and Edgar Keene was given. The contract only states that it was *about* to be given. There was no *existing* indebtedness until he received the note and collected it. Yet, the court held the plea of the statute of limitations of five years could not be sustained. See also Ill. Cent. R. R. Co. v. Johnson, 34 Ill. 389.

It was held in Abrams v. Pomeroy, 13 Ill. 133, that a contract of guaranty, signed only by the guarantor, was a written contract, and could not be varied by parol.

There may be a contract in writing, although it contains no express promise to pay the consideration. Strictly speaking, there is no such express promise in Ames' contract. But when a state of facts is acknowledged, in writing, to exist, which imports an obligation to pay, the law implies the obligation, but the contract is not thereby reduced to parol. Ashley v. Vischer, 24 Cal. 322. Such a contract is found in the pass-book of a depositor in a bank. The entries in the book are not express promises to pay, but the law implies such promises, and the liability thereunder has been held not to be barred in five years. Jassoy v. Horn, 64 Ill. 379.

All the instructions asked by appellant and refused, except two, were erroneous. The appellant's instructions, numbered 5 and 16, contain mere abstract principles of law, and, although correct in themselves, having no reference to the evidence and containing no hypothesis upon which the jury was to find, they were apt to mislead, and their refusal was not error. Vigus v. O'Bannon, 118 Ill. 336; International Bank v. Jones, 20 Ill. App. 125.

Of the other points urged by appellant, it is sufficient to say that, on careful examination, we find them all untenable.

The law of the case was fairly presented to the jury by the instructions given, the verdict is fully sustained by the evidence, and, there being no error in the record, the judgment of the Superior Court will be affirmed.

*Judgment affirmed.*