CHICAGO AND NORTH WESTERN RAILWAY COMPANY

v.

ANDREW JOHNSON.

*Master and Servant—Personal Injuries—Law of Another State—Question for Jury—Instructions—Special Findings—Practice.*

1. An instruction stating an abstract principle of law which is pertinent to the case, can not be assigned as erroneous, unless it has a tendency to mislead the jury.

2. The law of another State is matter of fact to be determined by the jury from the evidence introduced. An instruction stating the law of another State would, therefore, be improper.

3. Where a party desires to have requests for special findings more fully answered by the jury, he should move the court to send them back for that purpose. In the absence of such a motion he can not assign a failure to answer certain questions as a ground for a new trial.

4. In an action by an employe against his employer, to recover damages for injuries alleged to have resulted from a dangerous act out of the scope of his employment, which he was ordered to perform by the defendant's foreman, while employed in another State, it is *held:* That the issues of fact involved were fairly submitted to the jury; that the court properly refused to give an instruction stating the law of the State in which the plaintiff's injuries were received; and that the special findings were not inconsistent with the general verdict for the plaintiff.

[Opinion filed December 7, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. W. B. KEEP and W. C. GOUDY, for appellant.

Mr. ALEX. CLARK, for appellee.

MORAN, J.   Appellee recovered a judgment in the trial court for injuries received while in the service of appellant at Escanaba, Michigan.   Appellee was employed to assist in loading vessels with iron ore, and while so engaged he contends that he was ordered by appellant's foreman in charge of the dock, to perform a difficult and dangerous act and one which was outside of the scope of his employment, the dangers of which were known to appellant, but unknown to appellee; that he was directed by said foreman to perform an act which required special skill, which he did not possess, to wit, to stand upon a high, unprotected platform, and free from the chute on which it had become entangled and fastened, the rigging of a vessel that was being moved along the dock; and that while obeying such order, and in the exercise of due care on his part, he was precipitated to the deck of the vessel and received injuries which were the basis of the action.

Appellant's contention was, that it was part of the ordinary duties for which appellee was employed to disengage the rigging of vessels being loaded at the dock, whenever the same was caught on one of the projecting chutes; that such caught or entangled ropes were sometimes pushed off by the hands and sometimes worked or pried off by means of a pole or iron bar.   Appellant also contended that appellee was not in the exercise of ordinary care for his own safety, and that he was injured through his own negligence.

The issues of fact raised by these contentions were fairly left to the jury.   We have examined the instructions and we are satisfied that no error of law was committed by the court in the instructions given to the jury.   The first instruction given for the plaintiff is complained of on the ground that there was no evidence in the case on which to base the principle stated. Said instruction is as follows: "The jury are instructed for the plaintiff that it is the duty of the master to use reasonable diligence to ascertain, before ordering a servant to per-

form an act, whether the same is within the scope of his employment and can be performed without risk not incident to the same."

It will be observed that the instruction contains no hypothesis based on the evidence, but states simply an abstract proposition, legally correct and pertinent to the case. Such instructions can not be assigned as erroneous, unless they have a tendency to mislead the jury. Corbin v. Shearer, 3 Gilm. 482; Bandalow v. The People, 90 Ill. 218; International Bank v. Jones, 20 Ill. App. 125.

The other instructions for the plaintiff announced correct rules of law as to plaintiff's right to recover if the jury found the facts as in said instructions are supposed. Lalor v. C., B. & Q. R. R. Co., 52 Ill. 104.

Complaint is made that the court refused to give the following instruction asked by the defendant:

"8. The jury are further instructed that if they believe from the evidence that this accident happened in the State of Michigan, then the law in that State determines whether the plaintiff has a right of action against the defendant, and that, as a matter of law, the plaintiff is not entitled to recover, if you believe from the evidence in this case that the plaintiff was guilty of any negligence that contributed in any respect, either directly or approximately, to the injury complained of."

This instruction was properly refused by the court. To have given it would be for the court to have invaded the province of the jury, and have taken from them the decision of a question of fact.

Though evidence tending to show what the law of Michigan is was introduced in the form of an opinion of the Supreme Court of Michigan contained in a bound volume of the reports of the Supreme Court of that State, yet it was for the jury to find that law, being the law of a foreign State, as a question of fact. To questions of fact the jury must respond.

While the law of a foreign country or State will, when found as a fact, be for the court to construe, if any construction shall be required, the court can not, without submitting the *factum* as to the foreign law to the jury, instruct them as to

what it is. While this doctrine may appear to be somewhat anomalous, it is well established by authority. Cecil Bank v. Berry, 20 Ind. 187; Brackett v. Norton, 4 Conn. 517; Moore v. Gwynn, 5 Ired. 187; Taylor v. Boardman, 25 Vt. 581; Ingraham v. Hart, 11 Ohio, 255; Kline v. Baker, 99 Mass. 254; Dyer v. Smith, 12 Conn. 384; Holmes v. King, 7 Metc. 384; Hoadly v. N. T. Company, 115 Mass. 304; Donegan v. Wood, 49 Ala. 242.

The question as to the law of Michigan was properly submitted to the jury in instruction No. 20, given at appellant's request.

At the request of defendant seventeen questions were submitted to the jury for the purpose of having special findings of fact in answer thereto. The jury answered all the questions thus proposed to them, and the answers given are in no wise inconsistent with the general verdict, but it is insisted that several of the questions were evasively and not properly answered. The questions and the answers to them are as follows:

"8. Was it an ordinary occurrence for the rigging or stays of vessels to catch upon the chutes of the ore dock in question?

"A. Yes; but not in the dangerous manner proven in this particular case.

"12. Would the plaintiff have been injured if he had let go of the pole when it was caught between the stay and the chute?

"A. We do not know.

"15. Do you believe that plaintiff handled the pole with which he released the stay in a proper manner?

"A. We can not tell.

"16. Was the removing of the back stay from the chute of the ore dock more dangerous than other duties which they were called upon to perform in the pockets?

"A. Yes, under these circumstances.

"17. Was it customary for the laborers on the ore docks to remove ropes and stays caught upon the chutes of the docks?

C. &. N. W. Ry. Co. v. Johnson.

"A. Not under such circumstances."

Upon the coming in of the jury with the general verdict and the answers to questions, including those above set out, defendant moved the court to set aside the general verdict and to enter a verdict in its favor on the special findings on the ground that such special findings were inconsistent with the general verdict. This motion the court properly over-ruled, for the special findings were not, as we have before said, at all inconsistent with the general verdict. The only criticism to which the special findings were subject was that the jury failed to answer some of the questions put to them. If the defendant desired to have these questions answered or more fully answered, counsel should have moved the court to send the jury back to respond to each question. Such is the practice as laid down by the Supreme Court of this State, under a statute allowing special findings to be made, similar in terms and effect to the law which now authorizes such finding. St. Louis & S. E. Ry. Co. v. Dorman, 72 Ill. 504.

This is also the practice which obtains in other States under similar statutes. K. P. Ry. Co. v. Peavy, 34 Kansas, 482; West v. Cavins, 74 Ind. 265; Bedford S. O. & B. R. R. Co. v. Raibolt, 99 Ind. 551.

Waiving all question as to whether the interrogatories were material and proper for the purpose of requiring answers to them, we think that the failure to ask that the jury should be required to answer them fully, and moving on all the answers as given for a verdict in favor of defendant, places appellant in a position where its counsel can not now assign the failure to answer the questions as a ground for new trial. McElfrest v. Guard, 32 Ind. 408.

No error has been called to our attention, nor have we dis-covered any, which authorizes the interference of this court with the verdict, and the judgment of the Superior Court must therefore be affirmed.

*Judgment affirmed.*

GARY, J., takes no part in the decision of this case.