# William H. Grimley
## v.
## Pearl Davidson.

*Contracts—Party Walls—Conditions—Building of Entire Wall on Land of Another—Subsequent Agreement—Consideration—Light and Air—Obstruction of.*

1. Where express words in a contract fairly and legitimately require an inference as to their intention, the intention thus inferred is just as truly a part of the contract as the clearly expressed undertaking.

2. Upon a bill filed to prevent a neighboring land owner from constructing openings in an extension of a party wall, and placing windows therein,

this court holds that the agreements of complainant as set forth in a certain written contract signed by him and the defendant, were based upon a valuable consideration, and that his intention to allow the making of such windows, and the preservation thereof, free from any obstruction of the light, is plainly discoverable therefrom.

[Opinion filed December 2, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. THOMAS J. SUTHERLAND, for appellant.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellee.

In the case of Dooley v. Crist, 25 Ill. 566, the court held, that where a stranger constructs a building upon the land of another, without his consent, it becomes part of the land and he would become a trespasser in removing it.

Again in Hilliard on Real Property, Vol. 1, p. 5, it is said: "If one man erect buildings upon the land of another voluntarily and without any contract, they become a part of the land and the former has no right to remove them. Such buildings are *prima facie* part of the realty."

And again, in the case of Mathes et al. v. Dobschnetz, 72 Ill. 441, the court, in speaking upon this question, say: "The improvements made upon the property in controversy were placed there without the consent of the owners of the fee. They were constructed by a stranger to the property. He neither had title or interest in it. The improvements when made became part and parcel of the land, and the title to them became vested in the owners of the fee, unless there are facts connected with this case to take it out of the operation of the general rule."

The contract in question recites facts showing that this wall stood upon the land of the appellee. It then further recites that she has paid for that wall the full moiety thereof. That is sufficient consideration.

The law is well settled that whenever the consideration is not expressed in a written contract, it may be shown *aliunde.*

Grimley v. Davidson.

The case of Tingley v. Cutler, 7 Conn. 291, was a case founded upon a written contract to purchase certain land. It was urged that the document failed to show any consideration. Held, that it was not necessary that the consideration should be expressed in the writing; that it might be collected from the evidence and circumstances submitted to the jury.

In the case of Waterman v. Waterman, 27 Fed. Rep. 827, which was a suit in equity to compel the specific performance of a contract for the conveyance of certain mines, it was urged that the contract failed to show any adequate consideration. Mr. Justice Savage, in rendering the opinion of the court, said that the real consideration might be shown although the contract states only a nominal one.

In the case of Arms v. Ashley, 4 Pick. 70, the court say: "No consideration, it is true, is expressed in the writing, as passing from the plaintiff to E. Ashley, but a consideration may be proven *aliunde*. It seems also to be well settled that parol evidence is admissible to show a consideration for the conveyance when the same is not so expressed in the deed. * * * It is impossible to say that this evidence is repugnant to the deed, for nothing can be collected from the deed touching the consideration or the payment of the purchase money. It is true that the presumption is that payment was made or satisfactorily secured, but this presumption being a species of evidence in relation to a matter of fact and not arising from the construction of any clause in the deed, may be rebutted by oral testimony."

In the case of Peacock v. Monk, 1 Ves. 128, taken from note in Phillips on Evidence, Vol. 1, p. 550, Lord Hardwick makes the same distinction. A bill in that case was filed claiming the benefit of a trust under a deed, and the point was whether the plaintiff could prove a valuable consideration, as no consideration was expressed in the deed. Lord Hardwick held that proof ought to be received.

In the case of Clark, Adm'r, v. Deshon, 12 Cush. 589, it was objected that parol evidence was admitted to prove an additional consideration for the bill of sale where the bill of sale itself expressed a certain sum as a consideration. The court

say : "Another distinct ground for the admission of this evidence is that where the conveyance of property has been made by deed expressing on the face of it a consideration, it may be shown by parol evidence that an additional consideration, or that another and distinct consideration in fact existed." Citing Wallace v. Wallace, 4 Mass. 135, and Brewer v. Hurd, 22 Pick. 376.

GARNETT, J.   About March 1, 1888, Catharina Muhlke was the owner of lots 42 and 43 in Uhlich & Muhlke's addition to Chicago, and at that time she sold lot 43 to appellant.   On March 15, 1888, an agreement for a party wall between the two lots was made by appellant and said Muhlke, by which he was permitted to make the west twenty-six feet and four inches of the south wall of the house he proposed to erect a party wall, to rest equally on lots 42 and 43, and it was to remain a party wall forever.   The agreement provided that Mrs. Muhlke, her heirs and assigns, should have the right to use the wall for any building erected on lot 42, after paying to Grimley one-half the value of the wall, or so much thereof as should be so used, and the cost price at the time of such using was to be regarded as the value.   It was also agreed that the wall should not be cut into in any manner liable to endanger its stability, and that if either party thereafter wished to build a barn or extend the party wall, it should be done in the same manner as therein before specified, and the other party could have the privilege of using the same by paying one-half the cost of it, and that the agreement should be perpetual and a covenant running with the land.

In constructing his house, Grimley built the party wall in the manner stipulated.   He then built a barn at the rear of lot 43, supposing he had placed the south wall thereof equally on the two lots.   Afterward, and prior to March, 1889, Mrs. Muhlke conveyed lot 42 to appellee, who proposed to erect a much deeper building than Grimley's, using the party wall erected by him as far as it extended, and then to continue the same to the necessary length.   About that time appellee discovered that Grimley had built the south wall of his barn

entirely upon her lot; and to settle that difficulty, as well as to adjust the rights of the parties in reference to the party wall so built by Grimley and the extension projected by appellee, a new contract, dated March 6, 1889, was made between appellee, as party of the first part, and appellant, as party of the second part, which, after reciting the fact of the ownership of lot 42 by appellee and of lot 43 by appellant, the making of the original party wall contract, the building of the party wall for the houses by Grimley, and the building of the south wall of his barn entirely on lot 42, proceeded as follows: " And whereas the said party of the first part is about to erect a front building and barn on said lot forty-two (42), it is hereby mutually agreed to, by and between said two parties, their heirs, executors, and administrators and assigns, that said party of the first part shall pay to the party of the second part the sum of one hundred and fifty dollars ($150), being the full moiety or one-half of the cost of party wall and barn wall, the receipt whereof is hereby acknowledged by the party of the second part, and the said party of the first part shall build the extension of the front party wall as provided for in party wall contract; but the said party of the second part, his heirs, etc., shall never have the right to use said wall, contrary to the provisions of said party wall contract, dated March 15, A. D. 1888, nor shall he (the party of the second part, etc.) have the right to obstruct the light for any window said party of the first part shall build into said wall. It is further agreed between said parties that the barn foundations will be lowered so as to conform to plans, and be built in such a manner as most convenient to mechanics, said William H. Grimley allowing proper access and assistance in rebuilding. It is further agreed that said party shall have the privilege to entirely rebuild the barn wall as far as main building shall extend.

"Pearl M. Davidson,
" Per M. Davidson.
" William H. Grimley."

Soon after the execution of that contract appellee proceeded to erect a building on lot 42 and to build an extension of the

party wall between the houses. The plans and specifications for her building contemplated openings for windows in the extension of the party wall, and she does not deny that it was her intention to construct such openings in the extension and to place windows therein. To prevent such action on her part, Grimley filed the bill in this case, which was dismissed on final hearing · by the Circuit Court, from which order Grimley brings this appeal.

It is argued for appellant that there was no consideration for any of the agreements of Grimley set forth in the paper of March 6th. That this is a mistaken interpretation is entirely free from doubt. The barn wall was built upon appellee's lot, and she was not legally liable to pay for any part of it, but might have appropriated the whole of it as her own property. Payment to Grimley for what was in law her own, constitutes a valuable consideration for his undertakings. Then appellant claims that there is nothing in the contract of March 6th, granting to appellee the privilege of cutting openings and building windows in the extension of the party wall. If by this it is meant that there are no words of express grant, it must be acknowledged. The paper is inartificially drawn, but it is not difficult to discover, in the words used by the parties, an intention to allow appellee to make such windows, and to preserve the benefit thereof to her free from any obstruction of the light by appellant. Any other conclusion can only be reached by refinement which we can not approve.

It is seldom that the whole of the purpose of the parties to a contract is so clearly expressed as to need no aid from inference. When, however, the express words fairly and legitimately require an inference as to their intention, the intention thus inferred is just as truly a part of the contract as the clearly expressed undertaking. Ames v. Moir, 27 Ill. App. 88.

Both points were correctly ruled by the chancellor, and the decree is affirmed.

*Decree affirmed.*