PROCTOR TAYLOR *et al.*

*v.*

HENRY FELSING.

*Filed at Springfield November 10, 1896.*

1. PLEADING—*sufficiency of averment of master's negligence.* A declaration which sets out a defect in certain machinery which increased the hazard of a servant's employment, a promise by the master to remedy the same, and that the injury to such servant resulted from such defect, sufficiently avers the negligence of the master in failing to fulfill his promise.

2. EVIDENCE—*mere preponderance is sufficient to prove plaintiff's case.* An instruction which permits a recovery where plaintiff's evidence *slightly* preponderates is not erroneous, a *clear* preponderance not being required.

3. INSTRUCTIONS—*stating an abstract rule of law is not ground of reversal.* Where an instruction correctly states an abstract rule of law, does not assume the facts and is not calculated to mislead the jury, the fact that the court failed to apply the rule of law to the evidence will not reverse the judgment; but such practice is not approved.

4. MASTER AND SERVANT—*defective machinery—when servant is not negligent in remaining in service.* When the master has notice of a defect in machinery which renders his servant's employment more hazardous, and has promised to remedy the defect, the servant may rely thereon and continue in his duties for a reasonable time without thereby being guilty of negligence.

5. SAME—*master's liability after promising to remedy defective machinery.* When a servant, relying upon his master's promise to remedy defective machinery, remains in service for a reasonable time, and, while using due care, is injured by reason of such defect, he may recover, unless the danger was so great that a prudent person would not have remained.

6. SPECIAL FINDINGS—*when they do not control general verdict.* Judgment will not be entered upon special findings, against the general verdict, where such findings relate to evidentiary matters and are not conclusive.

*Taylor* v. *Felsing,* 63 Ill. App. 624, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Adams county; the Hon. OSCAR P. BONNEY, Judge, presiding.

164 331
68a 616

164 331
71a 553

164 331
174 583
75a 242
75a 380

164 331
176 427

164 331
83a 196

164 331
85a 282

164 331
98a ²368

164 331
194 ¹385

164 331
199 ² 18
102a ¹424

164 331
107a ¹150
107a ¹586
107a ²619
109a 643

164 331
210 ² 48
211 ²497
111a 480
e111a²523

164 331
113a ²273

164 331
215 ¹431
115a ²500

The following are the five instructions, given at the request of the plaintiff below, which are commented and passed upon in the opinion of the court:

1. "The court instructs the jury that while, as a matter of law, the burden of proof is upon the plaintiff and it is for him to prove his case by a preponderance of the evidence, still if the jury find that the evidence bearing upon the plaintiff's case preponderates in his favor, although but slightly, it would be sufficient for the jury to find the issues in his favor.

2. "The court instructs the jury that they are the judges of the credibility of the witnesses and the weight to be attached to the testimony of each and all of them, and the jury are not bound to take the testimony of any witness as absolutely true, and they should not do so, if they are satisfied, from all the facts and circumstances proved on the trial, that such witness is mistaken in the matters testified to by him or has knowingly testified falsely, or that for any other reason his testimony is untrue or unreliable.

3. "The jury are instructed that they are the judges of the credit that ought to be given to the testimony of the different witnesses, and that they are not bound to believe anything to be a fact because a witness has stated it to be so, provided the jury believe, from all the evidence, that such witness is mistaken about such fact or has knowingly testified falsely in regard thereto.

4. "The court instructs the jury that when an employer, or his superintendent having authority to remedy defects in machinery, is notified by the servant of the employer of defects in machinery that render the service such servant is engaged to perform more hazardous, and such employer or superintendent thereupon expressly promises to make the needed repairs, the servant may rely on such promise, and may, if he so relies on such promise, continue in the employment a reasonable time to permit the performance of such promise without being

guilty of negligence in so remaining in such employment; and if, in such case, during such time, any injury results from such defects to the servant while he is in the exercise of ordinary care and caution for his own personal safety, from the negligence of his employer in manner and form as charged, the servant may recover from the employer his damages for such injury, except when the danger is so imminent that no prudent person would undertake to perform such service under such conditions.

5. "The court instructs the jury that if they believe, from the evidence, that the plaintiff, Felsing, while in the exercise of ordinary care and caution for his own personal safety, was injured in consequence of the defective condition of the machinery used by the defendants, as alleged in the second count of the declaration, if they, the jury, believe, from the evidence, that the same was so defective; and if they further believe, from the evidence, that the plaintiff repeatedly, and shortly before receiving such injury, called the attention of the defendants' superintendent to said defects, if any, and that said superintendent there had authority to remedy said defects, if any, and that thereupon said superintendent repeatedly, and shortly before the injury, promised said plaintiff that said defects, if any, should be remedied, and that said plaintiff, relying upon such promises, remained in the employ of said defendants until the injury, as aforesaid; and if the jury further believe, from the evidence, that the danger from such defective machinery, if any, was not so imminent that no prudent person would have undertaken to perform the service required of the plaintiff, then by so remaining for a reasonable time thereafter the plaintiff would not assume the risks incident to such defective machinery, if the same was defective during such reasonable time."

J. F. CARROTT, for appellants.

GOVERT & PAPE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee was employed by appellants in their flouring mill at Quincy, and it was his duty to attend to the running of the machinery in the basement. He went up into a passageway between a gearing of cog-wheels and the west wall of the basement and relieved a spout for the passage of wheat, which had become choked, and while coming down and walking along a bridge-tree four feet above the floor of the basement he accidently slipped and fell into the cog-wheels, which were in rapid motion, and his right arm was cut off. He brought this suit and obtained a judgment for his injury, which has been affirmed by the Appellate Court.

At the trial the first count of the declaration was dismissed and the case was submitted to the jury on the amended second count. It is assigned as error that the court overruled a motion in arrest of judgment based upon the insufficiency of this count to sustain the judgment. The ground of the claim is, that it contains no averment that the act of the defendant which caused the injury was carelessly and negligently done. The facts alleged were, that there had been a clutch-pulley, with a lever attached, on the main shaft which turned the gearing of the cog-wheels, and by this means the cog-wheels could be thrown out of gear at the pleasure of plaintiff and all danger in going about the machinery and cleaning the spouts averted; that a few weeks before the accident said clutch-pulley became out of repair and was removed temporarily to be repaired, and a stiff pulley was temporarily put on the shaft so that the cog-wheels could not be thrown out of gear; that the removal of the clutch-pulley and substitution of the stiff pulley rendered the service of plaintiff more hazardous; that plaintiff repeatedly, and shortly before the injury, objected to the absence of the clutch and the use of the stiff pulley, and requested defendants to have said clutch-pulley replaced,

and that defendants promised plaintiff to have it replaced, and he, relying on said promise, continued in the service and in the performance of his duties for a reasonable time to permit the performance of said promise by defendants.

This count set out not only the disregard of a positive duty owing by the defendants to the plaintiff, created by the facts averred, but also an agreement of the defendants to remove the cause of danger, by which agreement the defendants took upon themselves the responsibility of injuries resulting from such dangerous condition to the plaintiff while in the exercise of ordinary care. Whether the liability rests upon the disregard of duty or upon the contract to replace the clutch-pulley, it was not necessary that either such disregard or failure to comply with the agreement should be characterized in the declaration as careless or negligent. If there was any disregard of duty it was necessarily negligent, whether so averred in the declaration or not. Where facts are stated which in law raise a duty, and the disregard of duty and consequent injury are properly averred, the count will be regarded as sufficient. The pleader must state facts from which the law will raise a duty and show an omission of the duty and resulting injury, but when that is done an allegation that the act was negligent is unnecessary. (*Ayers* v. *City of Chicago*, 111 Ill. 406; *Louisville, Evansville and St. Louis Consolidated Railroad Co.* v. *Hawthorn*, 147 id. 226.) The motion in arrest was properly overruled.

The defendants, by their thirty-eighth instruction, asked the court to direct the jury that, under the law as applied to the facts, plaintiff was not entitled to recover and the jury should find a verdict for the defendants. We do not care to review the evidence. It tended to prove the cause of action. The instruction was properly refused.

The first five instructions given on behalf of plaintiff are complained of. We think there is no valid objection

to any, unless it be the second, and that there was no reversible error in giving that one.

The objection made to the first is, that it permits the plaintiff to recover upon a mere preponderance of the evidence in his favor, while it is insisted that the law required him to prove his case by a clear preponderance. The law only requires that a preponderance of the evidence should be in favor of the plaintiff. *Mitchell* v. *Hindman*, 150 Ill. 538.

The third. relates to the credit to be given to different witnesses, and it is objected that it is too broad, as permitting the jury to reject the testimony of a witness although corroborated by other witnesses or by circumstances in evidence. The criticism as applied to this instruction we think is unfounded.

If the second is subject to the exception taken to the third, and also wrong in requiring, instead of permitting, the jury to reject the testimony of a witness who has knowingly testified falsely to some matter, as it is insisted in the argument, we cannot see that any harm could have resulted to the defendants in this case. The second instruction given at the request of defendants was on the subject of the credibility of witnesses. It was very full, and correctly stated the rules for judging of credibility, amongst other things directing the jurors to take into consideration all the circumstances proved corroborating or contradicting the witness. There was no conflict in the evidence on the main features. In view of that fact and the second instruction given for defendants we think there is no just ground for a belief that defendants were in any way harmed by the instruction complained of.

The fourth was an abstract proposition of law. It is objected that it assumes the existence of facts in this case. It states conditions under which a servant may continue in an employment relying upon the promise of the master to remove a source of danger, but does not as-

sume that the conditions existed in this case. That form of instruction is not approved, and it is regarded as much better that the court should apply rules of law to the evidence in the case, but a judgment will not be reversed for the failure to make such application. The principle of law is correctly stated in this instance, and the giving of such an instruction is not error where it is not calculated to mislead the jury. (*Peeples* v. *McKee*, 92 Ill. 397; *Betting* v. *Hobbett*, 142 id. 72; *Chicago, Burlington and Quincy Railroad Co.* v. *Dickson*, 143 id. 368.) It is also urged that by this instruction the condition shown was treated as a defect in the machinery when in fact it was not a defect. But we think there could be no question that the machinery, situated and used as it was proved to be, was defective after the removal of the clutch-pulley, not being equipped with any suitable means of throwing it out of gear. There was no error in so treating it.

The fifth instruction is criticised on the same ground as the fourth,—as assuming that the machinery was defective,—and also as telling the jury that the plaintiff would be entitled to recover whether he was at the time in the exercise of any care whatever for his own safety or not. It is subject to neither of the objections, and expressly requires that the jury shall believe, from the evidence, that the plaintiff was in the exercise of ordinary care and caution for his own personal safety.

It is also claimed that the court erred in refusing to give instructions numbered six, twelve, nineteen, twenty and twenty-seven, requested by the defendants. The request for instructions was practically unlimited, and embraced thirty-eight such papers which the court was asked to review and read and deliver to the jury for the purpose of enlightening them upon the law of the case. The absurdity of such a request in a case of this character is too apparent to call for comment. The issue was simple, and there were not thirty-eight propositions of law that could be presented to the jury, consequently

the instructions necessarily consisted of mere repetitions in varying form. For example: nine of them were devoted to informing the jury that the plaintiff was bound to prove the exercise of ordinary care and diligence on his part to avoid the injury, and in the absence of such proof he could not recover,—and these instructions were all given to the jury. Too many instructions were given, instead of too few.

The sixth, which was refused, stated that if the jury believed, from the evidence, that the injury was an accident and not caused by the negligence of the defendants, they should find the defendants not guilty. The jury had been told repeatedly that they should find the defendants not guilty unless the plaintiff had proved that the accident was caused by their negligence. There was no need of telling that again.

The twelfth recited facts from which the court was asked to draw an inference of negligence and direct a verdict for defendants. The question of negligence of plaintiff was one of fact for the jury, and the court had no right to give such an instruction.

The nineteenth stated that if there was any safer method of performing the work than the one adopted by the plaintiff he could not recover. The fact that there might have been another method which a very timid or cautious person might have adopted as safer would not be conclusive of negligence. The twentieth was of the same nature as the nineteenth.

The twenty-seventh was designed to inform the jury that if plaintiff's foot accidentally slipped and he was thereby thrown into the dangerous machinery they must ascribe the injury to a mere accident, and the defendants were not liable. It was wrong in excluding the element of negligence on the part of defendants. The fact that the slipping was accidental would not relieve them if they were guilty of negligence in respect to the machinery and plaintiff exercised due care.

Defendants asked the court to submit to the jury seven questions of fact to be returned with their findings. They all related to evidentiary matters not conclusive, and might have been refused, but the court gave three of them and refused to submit the remaining four. The refusal is complained of, but it was right. If answers had been returned as desired by defendants no judgment could have been entered, as there would still have been no finding that was conclusive of the rights of the parties. By the answers to those which were submitted the jury found that it was dangerous for a person to climb up or down the passage where the plaintiff was injured while the gearing of cog-wheels was in motion; that it was not hazardous and dangerous for plaintiff to attempt to climb up or down said passage where he was injured without stopping said gearing of cog-wheels or causing them to cease to revolve, and that the plaintiff, before the time of his injury, knew that such gearing of cog-wheels was uncovered or ungarded. On these findings the defendants entered a motion for judgment, notwithstanding the general verdict, and the motion was denied. It is plain that no judgment could be entered upon these findings. The plaintiff's claim was that the undertaking was not free from danger, and the fact that he knew the wheels to be uncovered would not exempt defendants from liability when they had promised to remove the cause of danger. The jury did not find that plaintiff had voluntarily incurred any known and immediate danger where injury was reasonably certain to occur, so that no prudent person would undertake to perform the service. His knowledge of some danger was not conclusive evidence of a want of ordinary care on his part under the promise of defendants.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTER took no part.