Donley v. Dougherty.

## Wm. E. Donley v. John Dougherty.

1.  TRIALS—*A Mere Preponderance of Evidence all that is Required to Justify a Verdict in a Civil Case.*—An instruction which permits a recovery where the plaintiff's evidence slightly preponderates is not erroneous, a clear preponderance not being required in civil cases.

2. INSTRUCTIONS—*Considered and Approved.*—The court discusses instructions, given in full in the opinion, relating to the use of defective machinery as affecting the liability of a master for injuries to a servant, to the question of the relation of witnesses to the parties as affecting their credibility and to the exercise of ordinary care by a plaintiff suing for injuries, and holds that such instructions state the law correctly.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinion filed April 18, 1898.

L. C. COOPER and S. S. JONAS, attorneys for appellant.

EDWARD MAHER and CHARLES C. GILBERT, attorneys for appellee.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellee, an employe, sued appellant, his employer, to recover for injuries claimed to have been caused by appellee using a broken hay-cutter by order of appellant. A trial before the Superior Court and a jury, resulted in a verdict for appellee of $2,500, on which the court, after a remittitur of $700, entered judgment for $1,800, from which the appeal was taken.

It is claimed that the court erred in giving for appellee the first, fourth and eighth instructions, in modifying and giving as modified the ninth and eleventh instructions asked by appellant, and that the verdict is contrary to the law and the evidence.

The first instruction, which is, " The court instructs the jury that while, as a matter of law, the burden of proof is upon the plaintiff, Dougherty, and it is for him to prove his case by a preponderance of the evidence, still if the jury find that the evidence bearing upon the plaintiff's case preponderates in his favor, although but slightly, it would be sufficient for the jury to find the issues in his favor, and to find a verdict against the defendant, Donley," is approved by the Supreme Court in the case of Taylor v. Felsing, 164 Ill. 331.

Donley v. Dougherty.

The fourth instruction is as follows: "The court instructs the jury that if you believe from the evidence in this case that the hay-cutter was defective, as charged in the declaration, and that the plaintiff notified the defendant of such defect, and if you further believe from the evidence that such defect, if any, rendered the service which plaintiff was engaged to perform, more dangerous, and that the defendant thereupon promised the plaintiff that he, the defendant, would have said hay-cutter repaired; and if you further believe from the evidence that the plaintiff thereupon relied upon the said promise of the said defendant to repair said hay-cutter, and that the said plaintiff continued in his said employment a reasonable time to permit the defendant to repair said hay-cutter, the plaintiff was not, then, guilty of negligence in continuing to use said hay-cutter for a reasonable time. And the court further instructs you that in such case your verdict should be for the plaintiff, unless you further find from the evidence that the plaintiff was himself guilty of negligence in the manner in which he used said hay-cutter at the time he was injured; or that you further find from the evidence that the danger by reason of said defect, if any, was so great that no prudent person would have used said hay-cutter in its then condition, as shown by the evidence in this case."

We think this instruction subject to criticism, in that it tells the jury that, under the conditions stated in the first part of the instruction, if they believed the same from the evidence, "the plaintiff was not then guilty of negligence in continuing to use said hay-cutter for a reasonable time," but we think the remainder of the instruction so far modifies the objectionable part as to state the law of the case with substantial correctness, and that the jury were not misled. In Missouri Furnace Co. v. Abend, 107 Ill. 51, the Supreme Court say: "It is now uniformly stated by text writers, that where the master, on being notified by the servant of defects that render the service he is engaged to perform more hazardous, expressly promises to make the needed repairs, the servant may continue in the employment a rea-

sonable time to permit the performance of a promise in that
regard, without being guilty of negligence, and if an injury
results therefrom, he may recover, unless the danger is so
imminent that no prudent person would undertake to per-
form the service." To the same effect is Swift & Co. v.
Madden, 165 Ill. 47.

It is unnecessary to discuss the eighth instruction given,
or the ninth and eleventh, as asked and modified by the
court. They are:

"8.    The jury are instructed that the fact that any
witness in the case is or has been in the employ of either
the plaintiff or defendant, as well as the relations which
exist between any witness and either party to the suit, and
any interest a witness may have in the result of the suit, so far
as the same may be shown by the evidence, may be consid-
ered by the jury in determining the weight which ought to
be given to the testimony of such witness, taking the same
in connection with all the other evidence in the case, and
the facts and circumstances proven.

"9.    The jury are instructed that before the plaintiff can
recover a verdict in this case, the law requires him to prove
by a preponderance of evidence, that at the time he received
the injury complained of, he was exercising that degree of
care and caution which a reasonably prudent and cautious
man would have exercised under like circumstances, *and in
the situation that plaintiff was placed, as shown by the evi-
dence;* and if the jury believe from the evidence that the
plaintiff at the time he received the injury complained of
did not exercise such care and caution for his personal safety,
he can not recover in this action, and your verdict should
be for the defendant.

"11.    You are further instructed that if you believe from
the evidence that the hay-cutter referred to in the evidence
was out of repair, broken and in bad order at the time of
the injury complained of, and that it had been so out of
repair, broken and in bad order for a long space of time
before the injury to the plaintiff's hand was received, and
the plaintiff knew of this condition during all the time, then
the plaintiff, in using it at the time of the injury, so used it

at his peril, and he can not recover in this action, and your verdict should be for the defendant, *unless you find from the evidence that plaintiff used said hay-cutter under the circumstances and conditions set out in the fourth instruction herein.*"

The parts in italics in the ninth and eleventh were the modifications made by the court. We have carefully considered these instructions with reference to the evidence and the criticisms of counsel, and are of opinion the court did not err with respect thereto.

On the remaining point, that the verdict is against the law and the evidence, no question of law is raised by appellant not passed upon above, and upon a careful reading and full consideration of the evidence and examination of a part of the broken cutter submitted to this court, we think only questions of fact for the jury are presented. These are three : first, as to the condition of the hay-cutter when it is claimed appellee was ordered to use it; second, whether appellant gave the alleged order to appellee to use it; and third, whether appellee was drunk at the time he used the cutter and was injured.

On all these points there was a conflict in the evidence, and a verdict either for the defendant or for plaintiff would have been justified by it. No useful purpose could be served by discussing it in detail in this opinion. The case has apparently received full consideration by the trial court, who saw the witnesses and heard them testify, and it having approved the verdict, after the remittitur, we do not feel justified in disturbing it.

The judgment is affirmed.