## City of Chicago, Defendant in Error, v. Minnie Everleigh, Plaintiff in Error.

### Gen. No. 15,595.

1. DRAM-SHOPS—*what intoxicating liquor.* Beer is an intoxicating liquor and a conviction under an ordinance prohibiting the sale of intoxicating liquors is sustained by proof of a sale of beer.

2. MUNICIPAL COURT—*when judgment not reversed.* If no substantial error appears a judgment of the Municipal Court will not be reversed.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed June 16, 1911.

ROBERT E. CANTWELL, for plaintiff in error.

GEORGE H. WHITE, for defendant in error; HENRY M. SELIGMAN, of counsel.

MR. JUSTICE BALDWIN delivered the opinion of the court.

Plaintiff in error (defendant below) was arrested upon a warrant, issue by one of the judges in the Municipal Court of Chicago, upon the affidavit of one Frank Hulse, charging her with having violated section 1348 of the Municipal Code of Chicago, by having sold on the 27th day of January, 1909, intoxicating liquors in less quantities than one gallon. The jury found her guilty and she was fined $25 and costs, to review which action the case is brought before us upon a writ of error.

The section of the city ordinance in question provided a fine of not less than $25 nor more than $100 against every person who by himself or another should directly or indirectly in any manner sell or give away any spirituous, malt, vinous or intoxicating liquors in quantities of less than one gallon.

Plaintiff in error complains that the court below erred (1) in not sustaining her motion to quash the complaint for the reason that it was presented by a private party and not in the name of the city; (2) because the court refused to give certain requested instructions, and (3) because the verdict of the jury was against the clear weight of the evidence. There was no denial that beer was sold to plaintiff's witnesses, but the defense insisted that it was a non-intoxicating drink called El Primo.

The testimony on the part of the state, if believed, fully justifies a finding that the beer sold by defendant was lager beer, and upon such evidence the court was justified in instructing that the sale of lager beer constituted a violation of the ordinance, prohibiting the sale of intoxicating liquor, because lager beer has been held to be an intoxicating liquor. Bandalow v. People, 90 Ill. 218.

We have carefully gone over the entire record, and we think the court below was right in refusing to quash the complaint, and while the court might well have given the instructions asked for and refused, nevertheless, the instructions actually given seem to us to fairly and sufficiently present the law applicable to the case, and that no substantial

error on the part of the court below has been shown. The judgment will, therefore, be affirmed.

*Affirmed.*